[No. 19139.   Department Two.—November 10, 1893.]

THE SOUTHERN CALIFORNIA MOTOR ROAD CO., APPELLANT, *v.* THE SAN BERNARDINO NATIONAL BANK ET AL., RESPONDENTS.

CHANGE OF PLACE OF TRIAL—DISQUALIFICATION OF JUDGE—SUIT BY JUDGE AGAINST MOVING PARTIES.—Where the judge before whom a case is to be tried is not a party to the action nor related to any party thereto and has not been an attorney for either party, the fact that he has commenced an independent action against the plaintiffs upon an entirely different cause of action, it appearing that the judgment in one case would in no way be affected by the judgment in the other, does not show such interest in the action as to disqualify him from trying the cause, and he may properly deny a motion to change the place of trial for such alleged disqualification.

ID.—CONTRADICTION OF AFFIDAVIT—PRESUMPTION FROM DENIAL OF MOTION. Where a motion for a change of venue, made upon the ground of disqualification of the judge because of his alleged interest in the result of the action, is denied by the judge, a statement in an affidavit used upon the motion to the effect that the affiant was informed and believed that the judge had said he considered himself disqualified from trying any case in which the persons making the motion were parties, is not to be treated as an admission that the judge was not qualified to try the case, merely because the affidavit was not specifically answered or denied, but the action of the judge in denying the motion must be presumed to be a denial that he was so interested.

ID.—MOTIONS—KNOWLEDGE OF JUDGE.—In all motions before a judge during the progress of a trial he may act on his own knowledge in regard to things which in their nature are better known to himself than they could be to others.

APPEAL from an order of the Superior Court of San Bernardino County denying a change of venue.

The facts are stated in the opinion.

*R. E. Houghton,* for Appellant.

The defendants are bound by their admission made on the hearing by failing to contradict the disqualification of the judge, by opposing affidavits. (*Vandall* v. *S. S. F. Dock Co.,* 40 Cal. 92; *Campe* v. *Lassen,* 67 Cal. 139; *Smith* v. *State,* 1 Kan. 365; *Rines* v. *Boyd,* 7 Wis. 155; *Runals* v. *Brown,* 11 Wis. 185; *Dawson* v. *Dawson,* 29 Mo. App. 523; *Grewell* v. *Walden,* 23 Cal. 165; *Lacy* v. *Barrett,* 75 Mo. 469; *Cass* v. *State,* 2 Greene (Iowa), 353; *Scott* v. *Gibbs,* 2 Johns. Cas. 116; *Witter* v. *Taylor,* 7 Ind. 110.) The affidavit was sufficient, and the motion should have been granted. (*Seehauer* v. *Milwaukee,* 39 Wis. 411; *Tainter* v. *Lucas Co.,* 29 Wis. 375; *Bachmann* v. *Milwaukee,* 47 Wis. 435; *McGoon* v. *Little,* 7 Ill. 42; *Carpenter* v. *Shepardson,* 43 Wis. 406; *Mix* v. *Kepner,* 81 Mo. 93; *Smith* v. *State,* 1 Kan. 365; *Clark* v. *People,* 1 Scam. 117; *Peninsular Ry. Co.* v. *Howard,* 20 Mich. 24; *Cass* v. *State,* 2 Greene (Iowa), 353; *Griffin* v. *Leslie,* 20 Md. 15.) It was proper for the attorney to make the affidavit. (*Scott* v. *Gibbs,* 2 Johns. Cas. 116.) The motion must be decided solely upon the affidavit. The private knowledge of the judge is not an element to be considered. (*Witter* v. *Taylor,* 7 Ind. 110; *Smith* v. *State,* 1 Kan. 365; *Dawson* v. *Dawson,* 29 Mo. App. 523; *Lacy* v. *Barrett,* 75 Mo. 469; *Cass* v. *State,* 2 Greene (Iowa), 353.) On the general question that a judge must make an order transferring a case to another court, when a proper motion is made, and the affidavits made in support of it show that he is disqualified, we refer the court to the following cases: (*Kansas Pac. Ry. Co.* v. *Reynolds,* 8 Kan. 623; *Jaseph* v. *Schnepper,* 1 Ind. App. 154; *Board of Commrs.* v. *Wellington,* 39 Kan. 137; *Watts* v. *White,* 13 Cal. 321; *O'Neil* v. *O'Neil,* 54 Cal. 188; *Commercial Ins. Co.* v. *Mehlman,* 48 Ill. 318; 95 Am. Dec. 543; *Freleigh* v. *State,* 8 Mo. 611; *Miller* v. *Laraway,* 31 Iowa, 538; *Knickerbocker Ins. Co.* v. *Tolman,* 80 Ill. 106; *State* v. *Shaw,* 43 Ohio St. 324; *Witter* v. *Taylor,* 7 Ind. 110; *Clarke* v. *Lyon Co.,* 8 Nev. 186; *Williams* v. *Keller,*

6 Nev. 144; *Rines* v. *Boyd,* 7 Wis. 157; *Rathgeb* v. *Tiscornia,* 66 Cal. 97.)

*Curtis, Oster & Curtis, W. A. Purrington,* and *F. A. Berlin,* for Respondents.

In all motions before a judge during the progress of a trial he may act on his own knowledge in regard to things which in their nature are better known to himself than they could be to others. In such cases he acts much as a court does in taking judicial notice of matters of general history, science, etc. (*Table Mountain Gold etc. Mining Co.* v. *Waller's Defeat Silver Mining Co.,* 4 Nev. 218; 97 Am. Dec. 526.) Judge Campbell himself heard appellant's motion, and denied the same. It must be presumed that he did his duty, that he acted on his own personal knowledge that he was not disqualified from trying this cause, and that the motion was denied for that reason. (Code Civ. Proc., sec. 1963, subds. 15 and 16.) There are no grounds of disqualification known to the law, other than those specified in section 170 of the Code of Civil Procedure. (*North Bloomfield G. M. Co.* v. *Keyser,* 58 Cal. 315; *Bulwer Consolidated M. Co.* v. *Standard Consolidated M. Co.,* 83 Cal. 613.)

BELCHER, C.—This action was commenced in the superior court of San Bernardino county, and in due time the plaintiff moved that the place of trial be changed to another county, upon the ground that both of the judges of the court in which it was pending were disqualified to try it. The motion was heard before Hon. John L. Campbell, one of the judges of the said court, and denied, and from that order the plaintiff appeals.

It does not appear from the transcript what the character of the action is, but it is said in the brief for respondents that it was "brought by appellant against respondents to obtain a judgment that a certain informally executed promissory note, given by appellant to respondent, the San Bernardino National Bank, is not the promissory note of appellant, and seeking, as inci-

dental relief, to have said bank enjoined from a threatened sale of certain first-mortgage bonds of appellant, pledged to secure the payment of said promissory note."

The affidavit on which the motion was based was made by R. W. Button, the president of the corporation plaintiff, and, as to Judge Campbell, it stated, in substance, that he, as plaintiff, had brought an action in the superior court of San Bernardino county against the said corporation and I. H. Polk, as receiver thereof, to recover possession of certain land occupied by the corporation's railroad, and five thousand dollars damages for the alleged unlawful occupation thereof; that the action was still pending and undetermined in the said court, and the effect of the judgment, " if John L. Campbell should recover it in said case, will be to prevent said Southern California Motor Road Company and said I. H. Polk, as such receiver, from operating its road from the town of Colton to the city of San Bernardino; that by reason of the existence of said suit and claim of John L. Campbell against said Southern California Motor Road Company and I. H. Polk, as such receiver, I am informed and believe that said John L. Campbell has stated that he considers himself disqualified from trying any case in which the said Southern California Motor Road Company and I. H. Polk, as its receiver, are parties."

At the hearing of the motion counsel for plaintiff read the affidavit and the complaint referred to therein, and also the notice of the motion and demand for a change of the place of trial. No witnesses were sworn or examined and no other affidavit or testimony was offered, read or heard. The motion was then argued by counsel, and denied, and the plaintiff excepted to the ruling.

It is admitted that Judge Otis, the other judge of the said court, was disqualified from acting in the case, and it is claimed for appellant that it appears from the affidavit read that Judge Campbell was also disqualified. Whether this claim should be sustained or not is the only question presented for decision.

The provisions of the code bearing on the question are as follows:

"No justice, judge or justice of the peace shall sit or act as such in any action or proceeding:

"1. To which he is a party, or in which he is interested.

"2. When he is related to either party by consanguinity or affinity within the third degree computed according to the rules of law.

"3. When he has been attorney or counsel for either party in the action or proceeding." (Code Civ. Proc., sec. 170.)

"The court may on motion change the place of trial in the following cases: . . . .

"4. When from any cause the judge is disqualified from acting." (Code Civ. Proc., sec. 397.)

"If an action or proceeding is commenced or pending in a court, and the judge or justice thereof is disqualified from acting as such, . . . . it must be transferred for trial to a court," etc. (Code Civ. Proc., sec. 398.)

It is not claimed that Judge Campbell is a party to this action, or that he is related to any party thereto, or that he has been attorney or counsel for either party to the action; but it is urged that by reason of his suit he "is interested in this suit, as upon the judgment entered in this case depends his realizing anything in his suit." And it is said: "A judgment our way would make any judgment he might obtain of value to him; the other way would make judgment of very little value if not entirely valueless."

We fail to see any connection between the two cases. On the contrary, so far as we can discover from the record, they are entirely independent, and the judgment in the one case would in no way be affected by the judgment in the other.

This being so, the contention of appellant in this regard cannot, in our opinion, be sustained.

It is further urged that, as the statement in the affidavit to the effect that the affiant was informed and be-

lieved that Judge Campbell had said he considered himself disqualified from trying any case in which the appellants were parties was not answered or denied, it amounted to and should be treated as an admission that he was not qualified to try this particular case, and hence his order should be reversed.

In support of this position counsel say: "Judge Campbell knew better than any one else whether or not he was so interested in this case, by reason of the litigation he was prosecuting against the plaintiff in this case, as to consider himself disqualified from trying this case. As was said by the supreme court of Nevada in the case of *Table Mountain etc. M. Co.* v. *Waller's Defeat S. M. Co.* 4 Nev. 222, 97 Am. Dec. 426: 'The knowledge of the judge would be more certain and satisfactory than any evidence. As a general thing a judge must know better than any other party whether he is or not interested in the result of a suit before him.'"

The rule of law as thus stated is undoubtedly correct, but we draw from it a different conclusion from that drawn by the learned counsel. The law presumes "that official duty has been regularly performed" (Code Civ. Proc., sec. 1963, subd. 15), and as Judge Campbell knew whether or not he was interested in the result of the case, it must be presumed from his action in denying the motion that he was not so interested. In the Nevada case cited, which was in all material respects like this, it was said "that in all motions before a judge, during the progress of a trial, he may act on his own knowledge in regard to things which in their nature are better known to himself than they could be to others."

We advise that the order appealed from be affirmed.

VANCLIEF, C., and SEARLS, C., concurred.

For the reasons given in the foregoing opinion the order appealed from is affirmed.

DE HAVEN, J., FITZGERALD, J., PATERSON, J.