[Civ. No. 436. First Appellate District.—December 15, 1908.]

## D. W. JOHNSTON, Respondent, v. THOMAS B. DAKAN, Appellant.

TRIAL—CHANGE OF JUDGE—DISQUALIFICATION FOR BIAS AND PREJUDICE—POWER OF JUDGE—DISCRETION.—When a change of a judge about to try a case is asked for on the ground that he is biased and prejudiced against the defendant, the judge has power to pass upon the question of his own disqualification; and if no abuse of discretion appears in holding himself not disqualified on that ground, his determination will not be interfered with.

ID.—HONESTY AND REASONABLENESS OF SHOWING—ENDS OF JUSTICE.—When the facts established by the affidavits are such as to create in the mind of an honest litigant a sincere belief that he cannot have a fair and impartial trial before the judge of the court in which

the action is pending, and such as to justify a reasonable man in such belief, the ends of justice would be subserved by calling in another judge.

ID.—DUTY OF JUDGE.—The judge should not only be honest and impartial, but his acts and conduct should be such that there can be no foundation for questioning his motives; but it is also his duty carefully to scrutinize such case, to the end that the law may not be abused for sinister purposes. If he is convinced from the facts of the integrity of his own conduct and motives, and of his sole desire to see the law applied with equal and exact justice to all, and that the object of the party alleging the disqualification is to thwart justice, or to get the case before another judge of his own choosing, he should have the courage to act accordingly.

ID.—FACTS NOT SHOWING BIAS OR PREJUDICE AGAINST DEFENDANT PERSONALLY.—Where the facts stated in the affidavits are not sufficient to show bias or prejudice against the defendant personally, they are insufficient.

ID.—IMPOSITION OF FINE IN FORMER CASE.—The imposition of a fine upon the defendant upon trouble arising in court in a former case, whether the court erred therein or not, does not establish bias or prejudice against him in the present case. The judge should know neither friend nor foe, and should not flinch from duty.

ID.—JUDGE INDEBTED TO BANK—INTEREST AND POSITION OF PLAINTIFF—DISQUALIFICATION—PRESUMPTION.—The fact that the trial judge was indebted to a savings bank in which the plaintiff was a stockholder and one of the directors is not a legal disqualification, nor can it be said that it establishes bias and prejudice as matter of law. It must be presumed that the trial judge is honest and solvent.

ID.—MOTION TO CHANGE VENUE AFTER DENIAL OF MOTION TO CHANGE JUDGE—SPEEDY DECISION—DENIAL OF CONTINUANCE—DESERTION OF COUNSEL—TRIAL—DISCRETION.—When, after denial of defendant's motion to call in another judge, defendant's counsel moved to change the venue, which was speedily decided, and the court denied a continuance of the trial, whereupon defendant's counsel deserted the courtroom, and the court summoned the defendant and allowed him time to procure other counsel, which he failed to do, the court did not abuse its discretion in proceeding with the trial, and after giving the defendant opportunity to introduce evidence, and upon his statement that he had none, in ordering the case submitted.

APPEAL from a judgment of the Superior Court of Santa Cruz County, and from an order denying a new trial. Lucas F. Smith, Judge.

The facts are stated in the opinion of the court.

Charles B. Younger, for Appellant.

Netherton & Torchiana, for Respondent.

COOPER, P. J.—This case is here on appeal from the judgment and the order denying defendant's motion for a new trial. The complaint was filed in 1904. When the case came on for trial, October 19, 1905, the defendant claimed that the judge was disqualified under section 170 of the Code of Civil Procedure, which provides that no judge shall sit or act in any action or proceeding "when it appears from the affidavit or affidavits on file that either party cannot have a fair and impartial trial before any judge of a court of record about to try a case, by reason of the prejudice or bias of such judge." It has been held that under the above-quoted section the trial judge may pass upon the question of his own disqualification. (*People* v. *Compton,* 123 Cal. 405, [56 Pac. 44].) We have no hesitation in saying that in all cases where the facts established by the affidavits are such as to create in the mind of an honest litigant a sincere belief that he cannot have a fair and impartial trial before the judge in whose court the action is pending, and where the facts are such as to justify a reasonable man in such belief, the ends of justice would be subserved by calling in another judge. The judge should not only be honest and impartial, but his acts and conduct should be such that there can be no foundation for questioning his motives. It is apparent that the section may be greatly abused by dishonest litigants or unscrupulous attorneys. It is therefore the duty of the trial judge to carefully scrutinize each case, to the end that the law may not be abused for sinister purposes. If the trial judge is convinced from the facts of the integrity of his own conduct and motives, of the fact that his sole desire is to see the law applied with equal and exact justice to all, and further that the object of the party who alleges the disqualification is to thwart justice, or to get the case before another judge of his own choosing, he should have the courage to act accordingly. On the other hand, where the facts are honestly stated, and when so stated they point to certain conditions that would ordinarily influence men in the business transactions of life, and when applied to the particular case would lead a reasonable person to hesitate as to whether or not the judge could, under the circumstances, considering the weakness of human nature, entirely ignore such facts, there should be no hesitation in calling in another judge, so that the fountain-head of justice should be above suspicion.

In this case, applying the test as above stated upon the affidavits in the record, we are of opinion that the facts are not such as to show that the judge abused his discretion in holding that he was not disqualified. The affidavits show that in February, 1905, the trial judge wrote a letter to the assembly while the legislature of the state was in session, referring to certain charges pending against him, by which it was sought to impeach him, which letter contains some very emphatic expressions which are not couched in the most polite language. He refers to the charges as having been made against him by "a few cowardly and disreputable conspirators . . . pettifoggers and disgruntled litigants . . . vile and cowardly slanderers without reputable character or standing in the community in which they reside." Conceding that the record shows that defendant's attorney was one of the parties seeking to have the judge impeached, the statement in the letter is general, no name is mentioned, and it was evidently made under provocation and in a spirit of anger. It does not in any way refer to defendant, nor is there anything which would lead to the conclusion that any bias or prejudice or feeling has been shown by the judge toward the defendant personally.

It further appears that in a previous trial of one Forgeus against this same defendant, in the same court, and before the same judge, some trouble occurred between this defendant and Mr. Cassin, an attorney of the local bar, and the judge made an order imposing a fine upon defendant, and did not fine Mr. Cassin, while it is claimed that Cassin was the one particularly at fault. Conceding that the judge erred in this, that fact of itself does not necessarily show any bias or prejudice on the part of the judge. It may have been the duty of the judge, in order to maintain the proper respect for the court, to impose the fine, and it may also have been his duty to have imposed a fine upon Mr. Cassin. If the conduct of the defendant in said matter was such as to call upon him the imposition of a fine, it would have been the duty of the judge to impose such fine even if defendant had been his best friend. The law knows no friend, no foe, and no flinching from duty. It is not at all unusual for a litigant to become angry at the judge, and in such moment of anger to believe the judge to be partial—even to abuse him—when in

fact the judge is only doing his duty without regard to the question as to the personality of the parties.

The fact that the trial judge was indebted to the Savings Bank of Santa Cruz, of which plaintiff is a stockholder and one of the directors, is not a legal disqualification, and, as a matter of law, we cannot say that it shows bias or prejudice. We must presume the trial judge to be honest and solvent.

It is claimed that the court erred in denying the defendant's application for a continuance. It appears that the case was called October 19, 1905, at 10 o'clock A. M., being the time fixed for the trial, of which all parties had notice. After the court had heard defendant's motion to have another judge called in, and made an order denying it, defendant's counsel stated that he desired time to make a motion for a change of venue. The court thereupon continued the case until 2 o'clock P. M. in order to allow counsel for defendant to prepare his affidavits for use on his motion for a change of venue. Defendant's counsel prepared and served his affidavits and notice that he would move the court for a change of venue on October 27th. Counsel for plaintiff prepared and served his counter-affidavits, and asked that the court proceed to hear the matter, whereupon defendant's counsel refused to proceed with the motion, claiming that he had five days under the law to give notice before the hearing. The court held otherwise, and counsel for defendant refused to present the motion, or to proceed with the trial, and left the courtroom, stating, "I leave the courtroom at this time because the court has no authority to go ahead with the trial."

As the defendant's counsel had voluntarily left the courtroom, and defendant was not present, the court, upon the suggestion of plaintiff's counsel, continued the case until 4 P. M. of the same day, and issued a subpoena for the defendant. At 4 o'clock the defendant appeared, and the judge stated to him the fact that his attorney had left the courtroom, and suggested that he was entitled to an attorney, and that he should employ one; and for the purpose of enabling the defendant to secure counsel the court of its own volition continued the case until the following day, October 20th, at 10 o'clock A. M. The next morning, at 10 o'clock, the defendant appeared, but without an attorney, and announced that he was unable to find his attorney, Mr. Younger, Sr., but did not state that he had made any attempt to find any,

other attorney or to get anyone to represent him.    There being no further showing, the court proceeded with the trial of the case, and testimony was taken.    During the trial the defendant was present in court, and at its conclusion the court asked defendant if he had any testimony to offer.    He replied in effect that he had none, that he desired to make an affidavit in regard to the absence of his attorney, Mr. Younger.    The case was thereupon submitted.

Under these circumstances we do not think that the court abused its discretion in refusing to continue the case.    The defendant had ample notice of the time of the trial.    His attorney, evidently in a moment of anger, left the courtroom instead of staying at his post of duty and presenting his client's defense.    The court thereupon, out of an abundance of caution, took an adjournment, and gave defendant additional time to procure counsel.    As before stated, none was procured, and the case proceeded to trial.

We find no error in the record, and the judgment and order are affirmed.

Hall, J., and Kerrigan, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on January 12, 1909, and a petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on February 11, 1909.