## PEOPLE v. WHITRIDGE.

(Supreme Court, Appellate Division, First Department.   May 5, 1911.)

1. JUDGES (§ 51*)—DISQUALIFICATION—OBJECTIONS TO JUDGE—PROCEDURE.

A motion to declare null and void the proceedings before a trial judge on the ground that such judge sitting at Trial Term was disqualified by pecuniary interest must be made before another judge as to whose qualifications there is no question, and a motion at Special Term is properly made.

[Ed. Note.—For other cases, see Judges, Cent. Dig. §§ 224–231; Dec. Dig. § 51.*]

2. STIPULATIONS (§ 3*)—MATTER SUBJECT TO STIPULATION.

Parties in civil matters made by stipulations waive any right which is personal to themselves.

[Ed. Note.—For other cases, see Stipulations, Cent. Dig. § 2; Dec. Dig. § 3.*]

3. JUDGES (§ 54*)—DISQUALIFICATION—WAIVER OF DISQUALIFICATION—CONSENT OF PARTIES—STATUTES.

Judiciary Law (Consol. Laws 1909, c. 30) § 15, which provides that "a judge shall not sit as such in or take any part in the decision of a cause or matter  *  *  *  in which he is interested," is peremptory, and parties cannot by consent confer jurisdiction to act as judge upon one whom the statute declares to be disqualified and without jurisdiction.

[Ed. Note.—For other cases, see Judges, Cent. Dig. § 233; Dec. Dig. § 54.*]

4. JUDGES (§ 43*)—DISQUALIFICATION—PECUNIARY INTEREST—STOCKHOLDER OF CORPORATION.

A judge who is a stockholder in a street railway corporation which had owned the entire stock of the street railway corporation of which defendant in an action before him to recover penalties for violation of an order of the Public Service Commission is receiver, after the corporation in which he is a stockholder has been foreclosed of every possible interest direct or contingent, in the stock of the company in receivership, and its stockholders have a mere privilege of being able to acquire at a price stock in a company which might or might not then hold the capital stock of the company in receivership, is not disqualified.

[Ed. Note.—For other cases, see Judges, Cent. Dig. § 201; Dec. Dig. § 43.*]

5. JUDGES (§ 42*)—DISQUALIFICATION—WHAT INTEREST DISQUALIFIES.

The interest which will disqualify a judge to sit in a cause need not be large, but it must be real. It must be certain, and not merely possible or contingent, and must be one which is capable of precise proof.

[Ed. Note.—For other cases, see Judges, Cent. Dig. § 190; Dec. Dig. § 42.*]

Appeal from Special Term, New York County.

Action by the People of the State of New York against Frederick W. Whitridge, as receiver of the Union Railway Company of New York City. Complaint dismissed and exceptions ordered to be heard in the first instance in the Appellate Division. From an order denying motion to declare null and void the proceedings had upon the

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

trial of the action and to vacate the order directing exceptions to be heard in the first instance at the Appellant Division, plaintiff appeals. Affirmed.

See, also, 128 N. Y. Supp. 1139.

Argued before INGRAHAM, P. J., and McLAUGHLIN, SCOTT, MILLER, and DOWLING, JJ.

· George S. Coleman, for the People.

Joseph H. Choate, Jr., for respondent.

SCOTT, J.   The plaintiffs appeal from an order of the Special Term denying their motion to set aside all the proceedings had upon the trial of the cause, and to send the cause back to the Trial Term for retrial.   The ground of the motion was that the justice who presided at the trial was disqualified by reason of interest.

The action is prosecuted by the Public Service Commission for the First District, suing in the name of the people of the state of New York, to recover several hundred thousand dollars from defendant as penalties for his alleged refusal to obey an order of said commission. Defendant is the receiver of the Union Railway Company, a street surface railroad, and was appointed by the United States Circuit Court.   The cause came on for trial before Mr. Justice Brady, who at the outset, and before any proceedings had been taken in the trial, informed counsel for both parties that he was a stockholder in the Third Avenue Railroad Company; that he did not know whether the interests of that company were involved, but that he knew that the defendant was also receiver of the Third Avenue Railroad Company. Counsel for both parties expressed their willingness that the justice should proceed to try the cause, but he, being apparently unwilling to proceed on consent if there could be any doubt as to his interest, pursued the inquiry further, and was assured that there could be no objection to his hearing the cause the counsel for plaintiff being especially emphatic on that question, and saying: "I don't understand that there is any possible objection."   The result of the trial was a dismissal of the complaint; the exceptions being ordered to be heard in the first instance at the Appellate Division.   After this result, the plaintiffs' counsel formed a different opinion as to the disqualification of the justice from that which they had expressed upon the trial, and moved at Special Term that all proceedings had before Mr. Justice Brady be declared a nullity, and that the cause be restored to the Trial Term calendar.   This motion was denied, and the plaintiffs have duly appealed.

[1] There has been some criticism upon the procedure adopted by plaintiffs upon the ground that the application to set aside the proceedings should have been made before the justice who presided at the trial.   Under the circumstances of the case, however, we consider that the plaintiffs adopted the proper course.   If the justice was, in fact, disqualified to sit in the case, the whole proceeding before him was utterly void.   He was incompetent to try the case, and equally incompetent to make any order in it, including an order setting aside his own void proceedings.   There stood therefore the record of a

trial apparently regular, but actually a nullity. Yet, in order that the cause might be put in a position to be retried, it was necessary to get rid of the record, and to this end a motion must of necessity be made before some justice as to whose qualifications there was no question. Under these circumstances, the motion was properly made at Special Term.

It is also argued that counsel for plaintiff by consenting that the justice should hear the cause, and by assuring him that there was no legal impediment to his doing so, has estopped himself and his clients from afterwards raising the objection that the justice was in fact disqualified. This argument is untenable, and has uniformly been so held since the decision of the Court of Appeals in Oakley v. Aspinwall, 3 N. Y. 547. The statute respecting the disqualification of a judge is peremptory. "A judge shall not sit as such in or take any part in the decision of a cause or matter * * * in which he is interested." Judiciary Law, § 15.

[2, 3] Such an interest goes to the very jurisdiction of the judge to sit as such, and, while parties in civil actions may by stipulation waive any right which is personal to themselves, they cannot by consent confer jurisdiction to act as judge upon one whom the statute says shall have no such jurisdiction. Oakley v. Aspinwall, supra, was similar to the present case, in that the counsel who afterwards attacked the eligibility of the judge had participated in the argument before him and had overcome his scruples as to his eligibility by assuring him that in fact he was not ineligible. It was argued, among other things, that counsel had thus estopped himself. Answering this argument, the court said:

"It is difficult under the circumstances to regard the application with favor, since the position in which the court is placed in respect to this cause has been brought about mainly by the officious intermeddling of the counsel for the moving party, with the scruples of a judge who, with a proper sense of duty, promptly declined to sit in the cause. But the unfavorable aspect of the motion in this point of view must not cause us to overlook the principles upon which it is founded, which are of too great importance in the administration of justice ever to be lost sight of. * * * It was, however, urged at the bar that, although the judge were wanting in authority to sit and take part in the decision of this cause, yet that, having done so at the solicitation of the respondent's counsel, such consent warranted the judge in acting and is an answer to the motion. But, where no jurisdiction exists by law, it cannot be conferred by consent, * * * especially against the prohibitions of a law, which was not designed merely for the protection of the party to a suit, but for the general interests of justice."

We are brought therefore to a consideration of the merits of the motion. The sole ground of disqualification urged against Justice Brady is that he was the owner of stock of the Third Avenue Railroad Company, by reason of which ownership, as it is said, he was disqualified to sit in an action against the receiver of the Union Railway Company, a separate and distinct corporation. The relation between the corporations is this: Prior to May, 1900, 10 years before the trial of this action, the Third Avenue Railroad Company owned all the capital stock of the Union Railway Company. On May 15, 1900, the Third Avenue Railroad Company executed to the Morton

Trust Company, as trustee, what was termed a first consolidated mortgage covering all the property it then owned or might thereafter acquire, and pledging the said Union Railway Company stock. By an instrument denominated a "lease," dated April 12, 1900, but which became effective on May 17, 1900, the Third Avenue Railroad sold all of the Union Railway Company stock to the Metropolitan Street Railway Company, "subject, however, to the pledge thereof to the Morton Trust Company, trustee." Subsequently the Metropolitan Street Railway Company sold the stock, subject to the same pledge, to the Interurban Street Railway Company, which afterwards became the New York City Railway Company. On May 17, 1909, a decree was entered in the United States Circuit Court foreclosing the aforesaid first consolidated mortgage of the Third Avenue Railroad Company, and directing that the property covered thereby be sold, which was accordingly done, and the mortgaged property, including the capital stock of the Union Railway Company, was purchased by three individuals constituting a committee of and exclusively representing holders of the bonds secured by the aforesaid first consolidated mortgage. The decree of foreclosure provided that the purchasers "shall have and be entitled to hold the said premises so sold, freed and discharged of and from the lien of the mortgage * * * and from any and all estate, right, title, interest, lien or claim of the said Third Avenue Railroad Company, its stockholders, creditors, receiver and of any and all parties to this cause, and any and all persons claiming by, through or under them or any of them." It is clear down to this point that no stockholder of the Third Avenue Railroad Company had any interest in the Union Railway Company. That interest is sought to be inferred from what followed the sale of the property in foreclosure. The bondholders' committee, under the authority of those whom they represented, devised a plan for the organization of a new company to be known as the Third Avenue Railway Company which should take over all the property and franchises of the Third Avenue Railroad Company which had been purchased by the committee at the foreclosure sale. Under this plan, it was proposed to extend to the stockholders of the Third Avenue Railroad Company, as a matter of grace and not of right, the option of acquiring stock in the new company upon the payment in cash of $45 per share. To become effective, this plan requires the approval of the Public Service Commission which had not been accorded at the time of the trial, and we were informed on the argument, although the fact does not appear in the record, that the commission has, in fact, rejected and disapproved the plan.

[4] The position of Justice Brady at the time of the trial was that he as a stockholder of the Third Avenue Railroad Company had been foreclosed of every possible interest direct or contingent in the stock of the Union Railway Company, but that he might, at some time in the future, be able to acquire, at a price, stock in the Third Avenue Railway Company which might or might not then own the capital stock of the Union Railway Company. If that possibility constituted disqualification, no judge could sit in an action affecting any corporation whose stock could be acquired in the market, because he might

thereafter acquire some of the stock. As was well said by Justice Bischoff at Special Term: "This alleged interest was so utterly remote, and indeed so fanciful, as to amount to nothing."

[5] The interest which will disqualify a judge to sit in a cause need not be large, but it must be real. It must be certain, and not merely possible or contingent; it must be one which is visible, demonstrable, and capable of precise proof. Inhabitants of Northampton v. Smith, 11 Metc. (Mass.) 390. The alleged interest inputed to Justice Brady measures up to none of these requirements, and we entertain no doubt of his qualifications to sit in the cause. Indeed, we think it very doubtful whether, strictly speaking, he would have been disqualified if he had owned stock in the Union Railway Company itself, although in such case the justice might, and doubtless would, have declined to sit to avoid possible criticism. Although Mr. Whitridge is sued as receiver, etc., it is manifest that the acts or omissions for which it is sought to recover penalties were his personal acts or omissions, and not those of the railway company, and, if judgment had gone against him, it would have been one against him personally, and not one against him as receiver or against the corporation. It may be that the federal court in passing upon his accounts as receiver would allow the judgment as a charge against the assets in his hands, but this question could not have come before Justice Brady. All he had before him was an action by the people against the individual who happened to be the receiver of the railway company.

It follows that the order appealed from must be affirmed, with $10 costs and disbursements. All concur.