[S. F. No. 14032. In Bank.—February 25, 1931.]

CENTRAL PACIFIC RAILWAY COMPANY (a Corporation), Petitioner, v. THE SUPERIOR COURT OF SISKIYOU COUNTY et al., Respondents.

Guy V. Shoup, Dunne, Dunne & Cook, Tebbe & Tebbe and Frank Thuncn for Petitioner.

Jesse W. Carter and Annette Abbott Adams for Respondents.

RICHARDS, J.—The petitioner seeks the issuance by this court of a writ of mandate directed to the Honorable C. J. Luttrell, Judge of the Superior Court in and for the County of Siskiyou, requiring him as judge thereof to proceed with the further hearing and determination of a certain action pending in said court, and also for an ancillary writ of prohibition to be directed to Honorable Walter E. Herzinger, Judge of the Superior Court in and for the County of Shasta, restraining him as judge of said court, or otherwise, from sitting in or entertaining any proceedings in said action. The action with respect to which the petitioner seeks the aforesaid remedies was and is a proceeding in eminent domain which on January 18, 1930, was commenced by this petitioner as plaintiff therein in the Superior Court in and for the County of Siskiyou, and which action was entitled "Central Pacific Railway Company, a Corporation, Plaintiff, *v.* Mary Louise Deetz, Bank of Italy National Trust and Savings Association, a National Banking Association, First Doe, Second Doe, First Doe Company and Second Doe Company, Defendants". The purpose of said action was that of the condemnation of a certain right of way over

and across a certain tract of land, the precise description and boundaries of which were fully set forth in a certain map or plat thereof which was attached to and made a part of the plaintiffs' complaint in said action, and of which tract of land the defendant Mary Louise Deetz was alleged to be the sole owner. As to her co-defendant Bank of Italy National Trust and Savings Association, it was alleged in said complaint that said association claimed some interest or lien upon the land sought to be taken "under and by virtue of a certain mortgage from Henry J. Deetz and Mary L. Deetz to Frank H. Mills, dated May 7, 1924, and by said Mills assigned to defendant Bank of Italy National Trust and Savings Association on June 24, 1929". The aforesaid actual defendants to said action were duly served with process therein. The defendant Bank of Italy National Trust and Savings Association did not appear in said action. The defendant Mary Louise Deetz did, however, appear therein through the filing of her separate answer, wherein she admitted and alleged her ownership of the aforesaid tract of land as averred in the plaintiffs' complaint, but otherwise confined her answer therein to her claims for damage and compensation for the portions of her said land sought to be taken in said condemnation proceedings. The cause came on for trial in said court and before the Honorable C. J. Luttrell as the judge thereof on the twenty-second day of July, 1930, and the trial thereof thereafter proceeded from day to day until on or about July 29, 1930. During the progress thus far of the trial of said action the undisputed evidence educed therein disclosed that for many years prior to the institution thereof the plaintiff had been and still continued to be engaged in the operation of a certain standard gauge steam railroad upon and over a certain railroad right of way extending from Roseville in the county of Placer, state of California, northerly through the counties of Yuba, Sutter, Butte, Tehama, Shasta and Siskiyou and beyond the California-Oregon interstate boundaries, and being the railroad for which a right of way over the route through said counties upon which the said railroad had been constructed had been granted by an act of Congress approved July 25, 1866 (14 Stats. 239), entitled, "An act granting lands to aid in the construction of a railroad

and telegraph line from the Central Pacific Railroad in California to Portland in Oregon''. The main line of said railroad as originally constructed was as to a portion thereof located within and across sections 25 and 26, township 41 north, range 5 east, and the portion thereof as thus located was situate upon and was imposed as a right of way upon and across a certain tract of land therein consisting of several hundred acres, of which Henry J. Deetz and Mary Louise Deetz, his wife, had come to be the owners. The evidence as thus far taken in said action further disclosed that at some time prior to the institution of said condemnation proceedings Henry J. Deetz had conveyed to his wife Mary Louise Deetz the particular portion of said larger tract of land upon which the plaintiff through said condemnation proceeding was seeking to relocate its aforesaid railroad and right of way so as to eliminate certain curves therein and to confine the same as thus relocated solely to the portion of said larger tract of land of which said Mary Louise Deetz had thus become the sole and separate owner. During the course of said hearing the original of the map or plat of the entire Deetz properties was introduced in evidence. It showed that for many years prior to the institution of the condemnation proceedings the railroad right of way as originally laid out and used, to the width of 200 feet, formed roughly the dividing line between what is now the property of Mary Louise Deetz and the remainder of the original tract, the title to which remained up to the time of his death in Henry J. Deetz. There was thus at all of said times an actual and physical separation of these two tracts of land caused by the railroad right of way and its uses, the only means of access and egress between the two tracts being by means of a subway under said railroad at a certain point through which cattle might .pass and the combined activities of the two bodies of land might be carried on. The evidence further disclosed that subsequently to the making and execution of the aforesaid deed by which Mary Louise Deetz had become the sole and separate owner of said smaller tract of land a mortgage had been made and executed by Henry J. Deetz and Mary Louise Deetz, his wife, to the aforesaid Bank of Italy corporation, covering the larger portion of said original tract of land, the owner-

ship of which remained in Henry J. Deetz, but which mortgage did not in fact cover or constitute a lien upon any portion of the land and premises of Mary Louise Deetz which were sought to be affected by said condemnation proceeding. The evidence further disclosed that thereafter Henry J. Deetz had died, being at the time of his death the owner of said larger tract of land, leaving the same as a portion of his estate to his widow and heirs. The evidence in the case educed during the time when the trial of said action had thus far proceeded showed such jurisdictional and other facts as would have entitled the plaintiff to a decree of condemnation. When, however, the trial of said action had thus proceeded up to a point when it was practically ready for the making and entry of the findings and decision of the trial court and of the aforesaid judge thereof, the defendant Mary Louise Deetz, through her attorney of record, Jesse W. Carter, Esq., presented and filed in said court on July 29, 1930, a certain statement verified by her, wherein she asserted and set forth that the Honorable Charles J. Luttrell, judge of said court, was disqualified to hear and determine said cause or to further sit and act as the judge of said court therein, or as such to further hear or determine said action, for the reason that said Charles J. Luttrell was interested in the result of said cause by virtue of the asserted fact that at the time of the commencement thereof he was and ever since had been and continued to be a depositor in the said Bank of Italy Trust and Savings Association, the co-defendant of the affiant therein, and that by virtue thereof the relationship of debtor and creditor existed between said Charles J. Luttrell and the said Bank of Italy corporation, and that by virtue of such interest he was disqualified to sit or act in said cause or to hear and determine the same. The affiant further deposed that the aforesaid facts which were claimed to show the disqualification of said judge were not known to her or to her said attorney prior to July 26, 1930. Coincidentally with the presentation and filing of the foregoing statement the defendant Mary Louise Deetz presented and filed a further statement, verified by her said attorney, to the effect that the said Charles J. Luttrell was disqualified to hear and determine said action for the stated reason that he was

at the time of the commencement of the action, had been, and continued to be, a stockholder in and the owner of certain shares of the capital stock of the Transamerica corporation, which was during all of said time the owner and holder of practically all of the shares of stock of the Bank of Italy National Trust and Savings Association, and that by reason of said fact said Charles Luttrell was disqualified by interest from sitting or acting as the judge of said court in said action or from hearing or determining the same or any matter in connection therewith. Wherefore the said defendant Mary Louise Deetz prayed that the cause might be heard and determined by some other judge or jury as provided by the laws of the state of California. In the meantime and while the trial of the cause of action was in course of progress the attorney of record of the defendant Mary Louise Deetz assuming, as the petition herein narrates, to represent certain children of Mary Louise Deetz, undertook to intervene in the action in eminent domain, claiming to have some interest in the entire tract formerly owned by Henry J. Deetz, adverse to the interest of Mary Louise Deetz therein. The matter of the right of these asserted adverse claimants was undetermined at the time the aforesaid statements asserting the disqualification of Judge Luttrell were presented and filed. In the answer which the respondents have made and filed to the petition herein it is alleged that during the trial of said action it was stipulated that with respect to the aforesaid adverse claims of the children of the defendant Mary Louise Deetz the said Superior Court should proceed with the trial of the cause upon the theory that Mary Louise Deetz was the sole owner of all of the property described in the complaint in said action, and that any award made for compensation or damages to said property would be made solely to Mary Louise Deetz, and that the interest, if any, of the children of Mary Louise Deetz in any of said property could be determined in any subsequent proceeding which said children might see fit to institute against said plaintiff; and that in view of such stipulation the interest of the children of Mary Louise Deetz in any of said property was not considered by said Superior Court in said proceeding, and was and is not an issue therein or in the instant proceeding.

Upon the presentation and filing of the aforesaid statements asserting the disqualification of Judge Luttrell, the plaintiff in said action presented and filed its resistance to the charge of disqualification and in so doing set forth and showed, through the presentation of the official record of the mortgage held and possessed by the Bank of Italy National Trust and Savings Association, that said association had in truth and fact no interest whatever in and no lien upon the property of Mary Louise Deetz which was in course of being subjected to such condemnation proceeding, and that said banking association had been joined in said action by the plaintiff therein upon an erroneous report presented by a scarcher of records with respect to the lands affected by said mortgage. Thereupon and upon such showing the plaintiff moved the trial court for leave to amend its complaint in said action by striking therefrom all reference to the Bank of Italy National Trust and Savings Association, and to dismiss the action as to it, upon the ground that through said error it had been improperly joined as a defendant in the action. In the aforesaid state of the record it is alleged by the petitioner that the Honorable C. J. Luttrell, one of the respondents herein, declined to rule upon either or any of the aforesaid motions of the plaintiff in said action or to in anywise proceed with said cause, except that he did, without prejudice to any charge of disqualification, but by reason of the great expense to which the petitioner herein had been put in preparing for said trial and in going to the county of Siskiyou for the same and of the nature of said trial and the necessity for a speedy determination of the cause, hear the testimony upon the issues tendered therein to the extent that all of the evidence in the cause has been taken and the parties thereto have rested. The petitioner alleges that the respondent Luttrell having so done and the cause being thus ready for decision upon the merits declined and refused to decide the cause on its merits or to determine the same or to take any further action therein, except to call in another judge. The record discloses that the parties to the action agreed, and stated in open court that Judge Luttrell might select another judge agreeable to the parties, to sit and act further in the cause, but that Judge Luttrell was unable to

secure such other judge upon whom the parties might agree. Thereupon and upon the suggestion of Judge Luttrell, but without the consent of the petitioner herein, the chairman of the Judicial Council of the state of California, upon the representation that the parties to the action had failed to agree as to the calling in of another judge, requested the respondent herein Honorable Walter E. Herzinger to sit and act as the judge in said action, in order to pass upon the question of the disqualification of respondent C. J. Luttrell, and that in conformity with said request the respondent Herzinger has undertaken to sit and act as the judge in said action, and has set for hearing therein the matter of the disqualification of his co-respondent Luttrell. For the foregoing reasons the petitioner prays this court to issue the aforesaid writs of mandate and prohibition.

The respondents appeared in response to said petition and presented and filed their demurrer thereto and also and at the same time moved this court to strike out certain portions of the petition upon the ground that the same and each thereof were irrelevant, immaterial and surplusage. The respondents also filed an answer to the petition containing specific admissions and denials, the latter of which were in the main based upon a want of information and belief. The respondents a little later presented and filed an amendment to their answer, setting up certain matters which were deemed by them to be material. To the respondents' amended answer the petitioner has presented a demurrer, the merits of which are also discussed in the briefs of counsel filed herein, but whether or not the matters thus presented require decision will depend upon our disposition of the main issues involved in this proceeding. The primary questions presented for our consideration are those which arise upon the respondents' demurrer to the petition.

The respondents in support of their demurrer insist that the petition does not state facts sufficient to justify the issuance of either writ as prayed for therein, for the reason that it appears upon the face thereof that the petitioner has a plain, speedy and adequate remedy in the ordinary course of law. The remedy which they thus urge as a reason why neither of these writs should issue is that already invoked and in process of determination under the provisions

of section 170 of the Code of Civil Procedure, as amended in 1929 (Stats. 1929, p. 957), and which has relation to the disqualification of judges in actions or proceedings and to the method by which the existence or nonexistence of such disqualification is in the first instance to be determined. The respondents plausibly argue that since the very question as to whether Judge Luttrell was or was not disqualified to sit or act in the action in eminent domain instituted and pending in the court over which he presides has been presented to Judge Herzinger for determination, in strict compliance with the method provided for in section 170 of the Code of Civil Procedure as recently amended, and that the determination of that issue by Judge Herzinger either way will furnish the petitioner all of the remedy to which it is entitled. We are of the opinion, however, that the remedy thus afforded to the petitioner is not, when pursued to its finality, such a plain, speedy and adequate remedy as would suffice to meet the emergencies of this particular case, since, while the law does not provide for an immediate appeal from the decision of a judge who is thus called in to determine the question of the disqualification of the judge whose regular function and duty it would be to proceed with the hearing and determination of the cause pending before him, the matter thus decided would be the proper subject of consideration upon an ultimate appeal from whatever judgment might be entered in the cause, and, since this is true, the result might finally be that the party to the action, who might deem himself injuriously affected by the decision of the judge called in to determine this single issue might, by prevailing upon such appeal, set aside and render nugatory all of the proceedings and eventualities of the cause for the reason that the judge who had actually tried the same was not the judge who in point of law was entitled to sit or act therein. Proceedings in eminent domain partake of the nature of summary proceedings. (Code Civ. Proc., sec. 1264.) It is the public interest which is to be subserved by the taking for public or *quasi*-public purposes the property of those private persons who are parties defendant in such action. This is well illustrated by the situation presented in the original action wherein it must be assumed that the public interest will be subserved by the

speedy completion of a main line railway over the route prescribed and over the lands of the immediate party or parties defendant in said action. It would amount to a very serious interference with this result to have the question of the qualification or disqualification of the judge, whose regular function and duty it would be to hear and determine said action, remain in doubt and in danger until such time as the question should be determined upon the ultimate appeal from the judgment. We are enforced in our conclusion that the particular question sought to be submitted to Judge Herzinger for decision cannot be held to constitute such a plain, speedy and adequate remedy, as would prevent the petitioner from seeking these writs, by the decision in the case of *Evans* v. *Superior Court,* 107 Cal. App. 372 [290 Pac. 662], wherein substantially the precise question submitted for our decision herein was involved. In that case it appeared that the trial judge was proceeding to hear and determine several causes at issue in his court, when a statement as to his disqualification so to do was presented and filed in conformity with the procedure outlined in section 170 of the Code of Civil Procedure as recently amended; whereupon another judge was designated, pursuant to such procedure, to hear and determine the question of the disqualification of the trial judge, and who upon such hearing determined that the trial judge was not disqualified. Notwithstanding such determination, a writ of prohibition was sought in the appellate tribunal preventing the trial judge, thus held to be qualified, from proceeding to hear and determine the causes thus at issue before him. The appellate tribunal entertained such application and granted the writ, and in so doing considered the question as to whether the procedure undertaken in pursuance of the provisions of section 170 of the Code of Civil Procedure furnished such a plain, speedy and adequate remedy as would serve to prevent the issuance of such a writ. In deciding this question to the contrary the court reviewed the recent decisions of this court in the cases of *Hall* v. *Superior Court,* 198 Cal. 373 [245 Pac. 814], and *Lindsay-Strathmore Irr. Dist.* v. *Superior Court,* 182 Cal. 315 [187 Pac. 1056], and also the decision of the appellate court in the case of *Quatman* v. *Superior Court,* 64 Cal. App. 203 [221 Pac.

666], in which latter case it was stated that "where a judge is disqualified to act in any proceeding or cause, the disability necessarily enters into all orders and decisions made by him other than those specially excepted and provided for in the codes, and to refuse the writ on the ground that a remedy might be had in another manner would be to permit the trial to proceed to a final conclusion by the disqualified judge and then set aside the proceedings as void *ab initio*". This language was quoted with approval by this court in *Hall* v. *Superior Court, supra,* which added thereto its own conclusion that "no good purpose could be served in permitting a disqualified judge to perform certain acts and thereafter declare them void on the ground that he had no jurisdiction to perform the same". We are satisfied with the correctness of these views and hence conclude that the fact of a pending proceeding in the trial court under the provisions of section 170 of the Code of Civil Procedure to determine the qualification or disqualification of Judge Luttrell to further proceed with the hearing and determination of the original cause pending before him does not furnish an adequate reason why this court should not entertain the instant proceeding. ■ The real issue presented is as to whether upon the admitted facts set forth in the verified statement presented and filed before the trial court Judge Luttrell is or is not disqualified to sit or act in the original action and to proceed to hear and determine the same. The primary reason set forth in the first statement presented and filed by the defendant Mary Louise Deetz consisted in the admitted fact that at the time of the institution of such action and at all times thereafter Honorable C. J. Luttrell was and continued to be a depositor in that certain banking corporation known as Bank of Italy National Trust and Savings Association, and which banking corporation was her co-defendant in said action. It was urged before the trial court, and is here insisted by the defendant Mary Louise Deetz, that the aforesaid relationship of the trial judge to said corporation amounted to a disqualification under the provisions of section 170 of the Code of Civil Procedure, the basis of such contention being that the relation thus existing between the trial judge and said corporation amounted to the relation of debtor and creditor, to the extent of creating such an interest in the action as would

suffice to prevent Judge Luttrell from hearing or determining the same. Section 170 of the Code of Civil Procedure (Stats. 1927, p. 1403) as it existed prior to its recent amendment read as follows: "170. No justice, judge or justice of the peace shall sit or act as such in any action or proceeding: 1. To which he is a party or in which he is interested."

The section of the code as it thus read did not attempt to define the particulars wherein the "interest" of a trial judge should consist, but it is quite well settled by the uniform current of authority upon the subject that it must be such a direct and immediate interest in the result of the litigation as would in some degree tend to form an improper bias which might influence his conduct in the consideration and disposition of the cause; and while it is true that the relation which one holds to a banking corporation in the capacity of a depositor has been held to constitute the technical relation of creditor and debtor which might in some instances arise to the dignity of a disqualifying interest, the current of authority is adverse to the conclusion that the bare fact that a trial judge may happen to be a depositor in a bank which may have such a more or less immediate relation to the action and to the result thereof as to cause it to be made a defendant therein, is thereby, in the absence of any further showing, subject to the disqualification of interest in respect to the trial of the cause. In each of the cases relied upon by the respondents the interest of the trial judge which was held to constitute such disqualification arose out of some special relationship of the trial judge to the parties in the action, as for example in *Regents of the University of California* v. *Turner,* 159 Cal. 541 [Ann. Cas. 1912C, 1162, 114 Pac. 842]. The case was one wherein the judge in whose court an estate was being administered had a creditor's claim against the decedent, and hence was required in the course of administration to pass upon the validity of his own claim. In the case of *Moody* v. *Shuffleton,* 203 Cal. 100 [262 Pac. 1095], also relied upon by the respondents, the relation between a judge and a party defendant was not involved, the alleged disqualification being that of a supervisor to pass upon a claim before the board in which he was directly interested. In the case of *Quatman* v. *Superior Court,* 64 Cal. App. 203 [22 Pac. 666],

the judge was one of the creditors of a corporation upon the alleged insolvency of which another creditor was seeking the appointment of a receiver in an action wherein the trial judge would be required to pass directly upon the validity of his claim against such corporation. It is not necessary to review the conflicting decisions from other jurisdictions since those, as a rule, depend upon the particular language of the statutes upon which the varying rulings of such tribunals depend. The trend of authority in California, under section 170 of the Code of Civil Procedure as it read prior to its recent amendment, has been favorable to the view that the bare relationship of debtor and creditor existing between a trial judge and a party defendant would not in and of itself suffice to constitute a disqualification. (*Southern California M. R. Co.* v. *San Bernardino Nat. Bank,* 100 Cal. 316 [34 Pac. 711]; *Johnston* v. *Dakan,* 9 Cal. App. 522, 526 [99 Pac. 729].) It may be generally stated that the bare relation which a trial judge might happen to hold toward a national banking corporation, one of the defendants in an action, in the capacity of a depositor therein, ought not, in the absence of any further showing, to constitute any more of a disqualification to try the cause than would the relation which such a judge might hold to a municipality as a taxpayer therein disqualify him to pass in judgment upon the validity of the tax. (See *Oakland* v. *Oakland Water Front Co.,* 118 Cal. 249 [50 Pac. 268]; *Higgins* v. *City of San Diego,* 126 Cal. 303 [58 Pac. 700, 59 Pac. 209]; *Los Angeles* v. *Pomeroy,* 133 Cal. 529 [65 Pac. 1049]; *Oakland* v. *Pacific Coast Lumber Co.,* 171 Cal. 392 [153 Pac. 705].) Whatever might have been our views, however, with relation to the effect of the foregoing decisions *pro* and *con* upon this general subject prior to the recent amendment of section 170 of the Code of Civil Procedure, we are satisfied that the immediate question here under review has been set at rest by such amendment. This section was amended in 1929 so as to read in part as follows:

"170. No justice, judge or justice of the peace shall sit or act as such in any action or proceeding:

"1. To which he is a party; or in which he is interested *other than as a holder or owner of any capital stock of a*

*corporation, or of any bond, note or other security issued by a corporation.*

"2. In which he is interested *as the holder or owner of any capital stock of a corporation, or of any bond, note or other security issued by a corporation.*" The foregoing amendment to this section of the Code had for its obvious purpose that of defining the relationship between the judge or justice in any action or proceeding and a corporation, whether plaintiff or defendant therein, which should constitute a disqualifying interest. It is therein expressly stated that it is the relationship of a stockholder which shall constitute the interest in the corporation amounting to a disqualification to sit or act in an action to which such corporation is a party. In these days of widespread inter-relationships between one banking corporation and another it would seem that such a differentiation would be salutary, since otherwise justices and judges, who may be assumed as a rule to be depositors in some bank or other, might find themselves disqualified to hear and determine any cause in which any bank was a party plaintiff or defendant.

■ This brings us naturally to the consideration of the second ground of disqualification which was urged before the trial court and is still insisted upon here. This other alleged disqualification was held to consist in the admitted fact that Judge Luttrell was at the time of the institution of the original action and continued to be thereafter a stockholder in a corporation known as Transamerica Corporation, which was asserted in the statement presented and filed before the trial court to be the owner of substantially all of the capital stock of the Bank of Italy National Trust and Savings Association. Had the Transamerica Corporation been made a party to said original action the situation would doubtless have been one directly covered by the provisions of section 170 of the Code of Civil Procedure as above amended. But the fact that whatever the relationship thus alleged to exist between Transamerica Corporation and Bank of Italy National Trust and Savings Association might be, the former corporation was not a party to said action, and hence does not come within the intendment of said action. Neither do we think that the situation as thus presented could in any event constitute a disqualification under the well-settled rule above stated that the alleged disqualifying

interest must appear to be an immediate and direct interest in the outcome of the litigation. To be a stockholder in some corporation which is not and could not be made a party to the action cannot by any stretch of reasoning be held to amount to a disqualification, and we are cited to no authority which so holds. On the contrary, the cases not only within our own but other jurisdictions have expressly held that in such cases no disqualification exists. (*Central Sav. Bank of Oakland* v. *Lake,* 201 Cal. 438, 444 [257 Pac. 521]; *Favorite* v. *Superior Court of Riverside County,* 181 Cal. 261 [8 A. L. R. 290, 184 Pac. 15]; *Rooker* v. *Trust Co.,* 263 U. S. 413 [68 L. Ed. 362, 44 Sup. Ct. Rep. 149]; *Texas etc. Corp.* v. *Williams,* 117 Tex. 218 [300 S. W. 44]; *Webb* v. *Town of Eutaw,* 9 Ala. App. 474 [63 South. 687]; *People* v. *Whitridge,* 144 App. Div. 493, [129 N. Y. Supp. 300].)

Having thus arrived at the conclusion, for the reasons and upon the authorities above cited, that Judge Luttrell was not disqualified by reason of either of the causes set forth in the verified statement of the defendant Mary Louise Deetz presented and filed in the trial court, but that at all of the times mentioned therein and in the petition herein Judge Luttrell was qualified to sit and act as the the trial judge in said action and to hear and determine the same, it follows that it has become unnecessary to decide any of the other questions presented in this proceeding and particularly those urged by the respondents in both their answer and amended answer herein. If, as above found, Judge Luttrell was at no time disqualified to hear and determine said original action, it follows of necessity not only that a writ of mandate should issue herein requiring him so to do in the performance of an act which the law specially enjoins as a duty resulting from his office, but that a writ of prohibition should also issue herein requiring his co-respondent, Judge Herzinger, to refrain from the further performance of any judicial action in connection with the hearing and determination of said cause.

Let these respective writs issue as prayed for.

Shenk, J., Waste, C. J., and Seawell, J., concurred.

Preston, J., deeming himself disqualified, did not participate in the foregoing decision.

CURTIS, J., Dissenting.—I dissent. The majority opinion holds that a judge who is the owner of stock in a corporation which in turn owns practically all of the stock of a second corporation, which second corporation is a party defendant to the action, is not disqualified from acting at the trial of said action.

Section 170 of the Code of Civil Procedure provides that no judge shall act as such in any action in which he is interested as a holder of any capital stock of a corporation. To hold that a judge must hold stock in the corporation, which is actually a party to the action, before he comes within the terms of this section, is giving to the section a narrow and technical interpretation. A judge may, as in the present action, have just as disqualifying an interest in an action by holding stock in the holding company as if he were a stockholder in the subsidiary corporation, practically all of whose stock is held by the holding company. It is the interest of the judge in the litigation before him that disqualifies him, and the code section makes no distinction as to whether this interest is due to ownership of stock directly in the corporation, which is a party to the action, or indirectly in a holding company, the owner of the stock of the first named corporation.

"These provisions of the code taken in connection with the authorities cited, indicate that section 170 is to have no technical or narrow construction, but is to be broadly applied to all litigation where a judge is called upon to adjudicate property rights." (*Howell* v. *Budd,* 91 Cal. 342 [27 Pac. 747].)

The majority opinion is directly opposed to the liberal and reasonable construction given to section 170 of the Code of Civil Procedure by the following decisions of this court: *Lindsay-Strathmore Irr. Dist.* v. *Superior Court,* 182 Cal. 315 [187 Pac. 1056]; *Hall* v. *Superior Court,* 198 Cal. 373 [245 Pac. 814]; *City of Vallejo* v. *Superior Court,* 199 Cal. 408 [249 Pac. 1084]. None of the authorities cited in the majority opinion bear directly upon the question involved, nor do they sustain the holding of the majority opinion.

Rehearing denied.

Shenk, J., and Curtis, J., dissented.