OPINION OF THE COURT
Per Curiam.
Final judgments entered May 28, 1982 modified by striking the award of punitive damages to the tenants and by increasing *75 landlord’s net recovery for rent accordingly; as modified, final judgments affirmed, without costs.
Order dated August 24, 1982 affirmed, without costs.
In light of the testimony given by many of the tenants, and the testimony of their expert witness, concerning the decrease in essential services which occurred in or about November 1979, the award of damages for landlord’s breach of the implied warranty of habitability was within the permissible range of evaluation and is not disturbed. We do disagree with so much of the outcome below as assessed substantial punitive damages against the landlord in addition to the award of contract damages. There is no hard evidence that the decline in services was linked to some ulterior motive or design, and it appears that the landlord did make some efforts to restore services. Nor is there any indication of rent impairing violations or any showing that landlord was in contempt of outstanding administrative or court orders relating to the maintenance of the building. Accordingly, even assuming that the law of punitive damages may appropriately be extended to habitability cases, we conclude that on the facts here there was not demonstrated that measure of “high moral culpability” or “criminal indifference to civil obligations” (see, Walker v Sheldon, 10 NY2d 401, 405) necessary to sustain such an award.
Landlord’s belated motion (made 18 months after decision) to set aside the judgments on the ground that the trial court had an impermissible interest in the proceedings (see, Judiciary Law § 14) lacks substantial merit and was properly denied. “The interest which will disqualify a judge to sit in a cause need not be large, but it must be real; it must be certain and not merely possible or contingent; it must be one which is visible, demonstrable and capable of precise proof” (People v Whitridge, 144 App Div 493, 498). Here, landlord’s allegations do not rise to a sustainable claim of interest. The main complaint is that the law firm with which the Trial Judge had previously been associated prior to his designation to the Bench had represented a litigant against a principal of the landlord herein in an entirely unrelated landlord-tenant matter. It is to be emphasized, however, that the Judge’s former law firm did not and does not represent any of the tenants in this proceeding. The mere fact that the law firm represented an adversary of the landlord in another matter is too thin a reed upon which to require the disqualification of a Trial Judge who was formerly associated with that firm, particularly when there is no suggestion that the Judge had any substantial connection or involvement with the *76 other litigation while at the firm. In our view, neither improper judicial interest nor the appearance of improper judicial interest has been shown to exist in this case.
Dudley, P. J., Riccobono, and Parness, JJ., concur.