OPINION OF THE COURT
Carl O. Callender, J.
I. ISSUE BEFORE THE COURT
The only issue before the court is what is to be the measure of damages for an abatement hearing on the breach of the implied warranty of habitability. The respondent is a section 8 tenant who pays a share of the rent while the Department of Housing and Urban Development (HUD) makes section 8 *757 payments to complete the balance of the rent charged. The petitioner argues that the measure of damages is the tenant’s share of the rent, and not the combined amount of the tenant’s monthly share plus the section 8 monthly payment made to the petitioner by HUD on the respondent’s behalf. The respondent argues that the scope of damages must be the aforementioned combined amount which is called the "contract rent” by HUD.
II. FACTS
The Department of Housing and Urban Development’s Office of Housing Handbook on occupancy requirements of Subsidized Multifamily Housing Programs indicates that the term "contract rent” constitutes the rent HUD authorizes an owner to collect for a unit occupied by a family receiving assistance. The handbook makes it clear that the contract rent may be paid by the tenant, HUD or both. It also asserts that the market rent is the same as the contract rent. (See, Department of Housing and Urban Development, Office of Housing Handbook, 4350.3, § 3-23 [a], [b] [reprinted May 11, 1993]; see also, Low Income Housing Act, 42 USC § 1437f; 24 CFR 880.101 [c].)
While the respondent’s rent is paid partly by the tenant and partially by the Federal Government, the record clearly establishes that the market value of the premises in question is the contract rent. (See, Greenwich Gardens Assocs. v Pitt, 126 Misc 2d 947 [Nassau Dist Ct 1984] [where the court found that section 8 payments made on behalf of the tenant must be considered as rent payments]; see also, Swann v Gastonia Horn. Auth., 502 F Supp 362, affd in part, revd in part on other grounds 675 F2d 1342 [where the 4th Circuit Court of Appeals concluded that section 8 payments are rent].)
III. LEGAL CONSIDERATIONS
1. Standard measure of damages
The courts generally say that the appropriate measure of damage is the difference between the fair market value of the premises in question if the apartment remained as it was warranted by the warranty of habitability, and as demonstrated by the rent reserved under the lease, and the value of the apartment during the period of the breach. (See, Bay Park One Co. v Crosby, 109 Misc 2d 47 [1981]; Park W. Mgt. Corp. v Mitchell, 47 NY2d 316, cert denied 444 US 992 [1979].)
*758 2. Value of the premises
The courts generally rule that the lease rental agreement is competent evidence of the apartment’s value as warranted, and, in the absence of other evidence, the lease is controlling in determining the damages for breach of the warranty of habitability. (See, 111 E. 88th Partners v Simon, 106 Misc 2d 693 [1980], affd as mod on other grounds 127 Misc 2d 74.)
3. Section 235-b of the Real Property Law
Section 235-b of the Real Property Law outlines the standard for establishing when a case for breach of the warranty of habitability exists. It is essential that the premises be residential, and it doesn’t matter whether the rental agreement is oral or written, it is implied in every residential lease. It is also manifest that the purpose of the statute is to make landlords legally liable to tenants for monetary damages for failure to properly maintain premises, make repairs and provide necessary services. (See, Mahlmann v Yelverton, 109 Misc 2d 127 [1980].)
4. Decision of the court
After consideration of all the arguments and facts adduced as well as the relevant case and statutory laws, both State and Federal, this court decides that the proper measure of damages for a breach of warranty of habitability case that involves rent that is partly paid by the tenant and partly paid by the Federal Government is the contract rent which has been agreed upon between the landlord, tenant and HUD as the fair market value of the premises in question.
Accordingly, this court finds that the measure of damages for the abatement hearing on March 20, 1995 at 9:30 a.m. before this court will be the contract rent.