[Ex Parte Dew.]

# *Ex Parte* Dew.

*Mandamus.*

(Decided April 17, 1913.   Rehearing denied May 8, 1913.
62 South. 261.)

1. *Mandamus; Vacating Judgment; Appeal.*—Mandamus will not lie to compel the vacation of a judgment after the expiration of the term at which it was rendered, on the ground of the interest of the judge, where the question was first raised by motion for new trial, as the judge had no right to legally vacate the judgment after the expiration of the term, and petitioner had a remedy by appeal.

2. *Judgment; Validity; Disqualified Judge.*—A judgment rendered by a disqualified judge is voidable but not void.

3. *Same; Amendment After Term.*—After the expiration of the term the court cannot alter or amend a judgment which is voidable or subject to an appeal, except for clerical errors on evidence found in the record.

4. *Judges; Mandamus; Other Remedy.*—The determination of the competency of the trial judge devolves upon him in the first instance, subject to control by mandamus seasonably applied for.

Original petition in the Court of Appeals.

Petition by J. J. Dew for mandamus directed to Hon. Bernard Harwood, judge of the 6th judicial circuit. Petition dismissed.

DENSON & DENSON, and EVINS & JACK, for appellant. Section 4626 prohibits in mandatory terms a judge from sitting in any cause in which he is interested, and a judgment rendered under such circumstances contrary to the statute is void, and it was not necessary to his disqualification that the bank be a party to the proceedings, as it was necessarily vitally interested in the establishment of the lien against petitioner's property.—*Crook v. Newburg,* 124 Ala. 481; *Adams v. Minor,* 121 Cal. 372; 23 Cyc. 577. A judgment rendered by a judge who is

incompetent by virtue of interest in the suit is absolutely void.—*State, ex rel. v. Castleberry*, 23 Ala. 85; *Wilson v. Wilson*, 36 Ala. 655; *Crook v. Newberg, supra*. Mandamus is a civil remedy which a person may pursue who has a specific right and there exists no other adequate remedy for its enforcement.—*Goodwyn v. Sherrer*, 145 Ala. 504;.*Ex parte Merritt*, 142 Ala. 116; *Leigh v. The State*, 69 Ala. 266. It is the legal right of every person to have his cause tried before a judge who is legally indifferent between the parties.—*Ex parte Cornwell*, 144 Ala. 499; *State v. Pitts*, 139 Ala. 154; *Medlin v. Taylor*, 101 Ala. 239; *Gill v. The State*, 61 Ala. 172; *Heydenfelt v. Towns, et al.*, 27 Ala. 430; *Claunch v. Castleberry*, 23 Ala. 85. Mandamus is the proper remedy to require a judge to certify his interest and incompetency in a cause before him.—*Bryce v. Burke, Probate Judge*, 172 Ala. 219; *Ex Parte Cornwell, supra; State v. Pitts, supra*. The judge was incompetent to hear and determine these causes.—Code, sec. 4626; *Bryce v. Burke, supra; Ex Parte Cornwell, supra; State v. Pitts, supra*. It is the duty of a judge who is interested in a cause to be tried before him to certify his disqualification without waiting for the parties to object to him.—Cons., sec. 160; *Crook, Judge, etc., v. Newberg & Son*, 124 Ala. 479. The right does not exist for a party to rise in open court and challenge or plead to the judge's incompetency.—*Lyon v. State Bank*, 1 Stew. 441. A judge is incompetent to try vel non whether his interest disqualifies him.— *Lyon v. State Bank, supra; Spradling & Thomas v. The State*, 17 Ala. 440; *Medlin v. Taylor, Judge, etc.*, 101 Ala. 239. A judge cannot entertain a plea or challenge to his competency.—*Lyon v. State Bank, supra; Spradling & Thomas v. The State*, 17 Ala. 440; *Medlin v. Taylor, Judge, etc., supra*. Where a statutory com-

mand or inhibition as to disqualification is ignored judgment is void.—*Bryce v. Burke*, 172 Ala. 219; *Heydenfelt v. Towns, et al.*, 27 Ala. 430; *Claunch v. Castleberry*, 23 Ala. 85. Pecuniary interest, or otherwise, of a judge goes to jurisdiction.—Cooley Cons. Lim., 510-511; *Heydenfelt v. Towns, supra; Queen v. Justice of Hertfordshire*, 6 Q. B. 756. And consent cannot confer jurisdiction.—Cooley, supra; *State Ala., ex rel. Crow v. Crook, Judge, etc.*, 123 Ala. 657. Incompetency of judge by reason of interest cannot be waived, even by consent.—Cooley, supra; *Heydenfelt v. Towns, supra; Queen v. Justice of Hertfordshire, supra;* 18 Q. B., 416, 421; *State, ex rel. Crow v. Crook, Judge, etc., supra.*

McKINLEY, McQUEEN, HAWKINS & SNOW, and A. G. & E. D. SMITH, for appellee. Mandamus is an extraordinary, legal remedy, and never issues where there is another adequate remedy, such as an appeal or writ of error.—*Ex Parte Campbell*, 130 Ala. 183, 184. In this case there existed an adequate remedy by appeal.—Code, sec. 1396. If the presiding judge was disqualified, either from interest or otherwise, the judgment was not void —but voidable only.—*Trawick v. Trawick*, 67 Ala. 273; *Hine v. Hussey*, 45 Ala. 496; *Hayes v. Collier*, 47 Ala. 726; *Jeffersonian Publishing Company v. Hilliard*, 105 Ala. 580-1; *Collins v. Hammock*, 59 Ala. 451-2; *Hall v. Wilson*, 14 Ala. 295-6 and 297. If a judgment be rendered by a disqualified judge, it is infected with error which will cause its reversal on appeal—but until it is reversed it is valid and operative—and it cannot be collaterally assailed.—*Jeffersonian Pub. Co. v. Hilliard*, 105 Ala. 580-1, and authorities cited under proposition 3. Upon the trial judge himself devolves, in the first instance, the determination of the question of his own competency.—*State, ex rel. Pitts*, 139 Ala. 155. The

writ will never be granted in cases, where, if issued, it would prove unavailing.—*Ex parte DuBose,* 54 Ala. 281; *Ex Parte Shandies,* 66 Ala. 136; *Ex Parte Creswell,* 60 Ala. 378-9. While a judgment, *void upon its face,* may be set aside by the court at any time, a *voidable judgment* cannot be set aside after the term, during which it was rendered, has passed.—*Johnson v. Johnson,* 40 Ala. 252; *Trawick v. Trawick,* 67 Ala. 273-274; *Baker v. Barcliff,* 76 Ala. 417; *Chamblee v. Cole,* 128 Ala. 650-1; *Buchanan v. Thomason,* 70 Ala. 402; *Ex Parte Sims,* 44 Ala. 250; *Ex Parte Creswell,* 60 Ala. 378-379.

WALKER, P. J.—The petitioner prays that a writ of mandamus issue to Hon. Bernard Harwood, a judge of the Sixth judicial circuit, directing him to vacate and set aside a judgment establishing a lien upon property of the petitioner rendered on the 7th day of October, 1912, by the circuit court of Greene county in favor of the town of Eutaw, and to recuse himself as judge on any subsequent trial of the cause in which said judgment was rendered. The cause or proceeding in which the judgment was rendered was one for the enforcement of a charge or assessment for a street improvement made by the town of Eutaw against the property of the petitioner. It is not alleged or suggested in the petition that during the trial of that proceeding or prior to the rendition of the judgment therein it was intimated that the presiding judge had any disqualifying interest in it or that for any reason he was incompetent to preside in the trial. The petition, however, shows that during the term of the court at which the judgment was rendered the petitioner filed a motion for a new trial, one of the grounds of which was the following: "Because the evidence developed that the First National

[Ex Parte Dew.]

Bank of Eutaw had loaned money to the city of Eutaw for the purpose of carrying out a contract made for the street, sidewalk, and gutter improvements, and for which, or a part of which, in this suit it is sought to hold the property of the defendant liable; and defendant now shows to the court that your honor, by reason of the fact that he was a stockholder in said bank, was disqualified from sitting in the trial of this cause." This motion for a new trial was overruled, the presiding judge on the hearing of it admitting that he was a stockholder in said bank. After the final adjournment of the term of the court at which the proceedings mentioned were had, the petition now under consideration was filed in this court, averring the facts above stated, and also, among other things, that the loan to the Town of Eutaw which was mentioned in the motion for a new trial was secured by a transfer to the bank of the lien of the town on the property of the petitioner which was enforced by the judgment complained of. It is not averred that the presiding judge knew or was informed of this fact when the judgment was rendered or when the motion for a new trial was overruled.

The respondent demurs to the petition upon the following, among other, grounds: That it shows on its fact that petitioner had an adequate and complete remedy at law; that the writ of mandamus prayed for would be unavailing; that the judgment sought to be set aside is not void, but is voidable only; and that the term of the court at which said judgment was rendered had passed at the time the petition was filed, and the respondent is without power to vacate or set aside said judgment. We are of opinion that this demurrer is well taken.

The following propositions are so well settled in this state that a discussion of them by us on this occasion is deemed wholly superfluous:

(1)  A judgment rendered by a disqualified judge is not void, but is voidable merely. It is valid and opertive until reversed or set aside for the error in it, when availed of on a direct attack, and is not subject to collateral assault because of such error.—*Jeffersonian Publishing Co. v. Hilliard,* 105 Ala. 576, 17 South. 112; *Trawick v. Trawick,* 6 7Ala. 271; *Plowman v. Henderson,* 59 Ala. 559.

(2)  If a judgment is not void, but is merely voidable or subject to reversal for error on appeal, the court has no power to alter, vary, or amend it after expiration of the term at which it was rendered, except for clerical error or omission, on evidence found in the record.—*Chamblee v. Cole,* 128 Ala. 649, 30 South. 630; *Baker v. Barclift,* 76 Ala. 414.

(3) Upon the trial judge himself devolves, in the first instance, the determination of the question of his own competency; his action, if erroneous, being subject to be controlled by mandamus seasonably applied for.—*State ex rel. Smith v. Pitts, Judge, etc.,* 139 Ala. 152, 36 South. 20.

Mandamus will not lie where there is another adequate remedy, such as an appeal; and the writ will not be granted when, if issued, it would prove unavailing, or to command an inferior tribunal to do that which it could not legally do without such mandate.—*Ex parte Campbell,* 130 Ala. 171, 30 South. 385; *Ex parte Shaudies,* 66 Ala. 134.

Manifestly this proceeding is an effort to have this court direct the trial judge to vacate a judgment which, before the proceeding was instituted, had on the expiration of the term at which it was rendered, been put beyond his power to vary, alter, or amend, and to recuse himself as a judge in a cause which is no longer pending; the ground of complaint against the judgment be-

ing one which might have been availed of on an appeal which the petitioner might have taken, and for his failure to take which no excuse is shown. The application of the above-stated propositions to such a state of facts leads to the conclusion already expressed.

Demurrer to petition sustained, and petition dismissed.