# Webb *v.* Town of Eutaw.

### *Action to Enforce Street Assessment.*

(Decided November 20, 1913.   63 South. 687.)

1. *Judges; Disqualification to Act; Interest.*—The interest that disqualifies a judge to act must be direct and immediate, and the fact that a presiding judge was a stockholder in a bank to which the plaintiff town was indebted, did not disqualify him under section 4626, Code 1907, from presiding in an action against a property owner to collect an assessment for street improvement, where it did not appear that the bank had any interest in the improvements, or that the loan was secured by a pledge of the proceeds of the proposed assessment against defendant's property. (Section 1409, Code 1907). And not made without such security having been given as authorized by section 1181, Code 1907.

2. *Evidence; Presumptions; Solvency.*—In the absence of evidence to the contrary, a debtor is presumed to be solvent.

APPEAL from Greene Circuit Court.

Heard before Hon. BERNARD HARWOOD.

Action by the town of Eutaw against Mattie Y. Webb, to enforce the collection of an assessment made for street and sidewalk improvements. Judgment for plaintiff and defendant appeals.   Affirmed.

EVINS & JACK, for appellant.   The judge should have recused himself on motion as he was interested in the cause then coming up for hearing.—Sec. 4626, Code 1907; *Ex parte Cornwell,* 144 Ala. 497; *Crook v. Newborg,* 124 Ala. 481; *Pegues v. Baker,* 110 Ala. 251.   A judge who is a stockholder or director in a corporation is a disqualified judge in any proceedings in which said corporation is interested.—23 Cyc. 577.   The bank has a direct interest in the collection, and the judge is a stockholder in the bank, and incompetent to sit in this case.—*Wilson v. Wilson,* 36 Ala. 660; *Heydenfelt v. Towns,* 27 Ala. 423; *Claunch v. Castleberry,* 23 Ala. 85, and authorities supra.

McKINLEY, McQUEEN, HAWKINS & SNOW, and E. D. SMITH, for appellee. A defendant cannot speculate as to the result of a suit even where life or liberty is involved and failing fall back on some preliminary matter not called to the attention of the court.—*Thomas v. State,* 94 Ala. 74; *Gibbs v. State,* 60 South. 999. Section 4626, Code 1907, does not absolutely prohibit a disqualified or interested judge from presiding at a trial, but expressly authorizes him to do so or to render judgment by consent of parties.—*Roberts v. State,* 126 Ala. 74. The record does not disclose that the presiding judge had any interest whatever in the suit pending before him, or in its final determination, and it was the province of the judge in the first instance to decide the question of his own competency.—*Ellis v. Smith,* 42 Ala. 349; *State ex rel. Smith v. Pitts,* 139 Ala. 152; *Ex parte Dew,* 62 South. 261.

WALKER, P. J.—In this case, as in the case of *Ex parte Dew,* 7 Ala. App. 437, 62 South. 261, in which a judgment similar to the one appealed from was brought into question by a petition for mandamus, the question of the presiding judge's having a disqualifying interest in the case was first raised by a motion for a new trial, on the grounds of which was the following: "Because the evidence developed that the First National Bank of Eutaw had loaned money to the city of Eutaw for the purpose of carrying out a contract for the street, sidewalk, and gutter improvement, and for which, or a part of which, in this suit it is sought to hold the property of the defendant liable; and defendant now shows to the court that your honor, by reason of the fact that he is a stockholder in said bank, was disqualified from sitting in the trial of said cause." In the trial of the case evidence had been adduced which tended to prove

that the bank which was referred to in the motion was carrying a loan which it had made to the town of Eutaw to enable it to pay the cost of the street improvement, for a part of which a lien upon the property of the defendant was declared by the judgment rendered in the present case. On the hearing of the motion for a new trial the presiding judge admitted that he was a stockholder in the bank mentioned. There was neither allegation nor proof to the effect that the bank had any interest or concern in the proceeding beyond being a simple contract creditor of the municipality which was asserting the right to a lien on the defendant's property. It was not averred or proved that the loan of the bank to the town was secured by a pledge of the proceeds of the proposed assessment against the defendant's property, as authorized by section 1409 of the Code. The loan may have been legally made without any such security having been given.—Code, § 1181. The showing made was of nothing more than that the presiding judge was a stockholder in a bank to which one of the parties to the cause was indebted. It was not shown that the bank itself had any interest in the suit except such interest as a simple contract creditor has in his debtor's being successful in any litigation to which he may be a party.

If the debtor is solvent, as, in the absence of any showing to the contrary, he is presumed to be (Jones on Evidence, § 57), his success in the suit will not inure to the pecuniary gain of a creditor who is not a party to it, and his failure will not imperil or in any way impair the claim of such creditor. The interest which will disqualify a judge must be direct and immediate. If it is not shown that he has any pecuniary interest in the judgment that may be rendered (that he can gain or lose as a result of it), or that he bears any such rela-

[Webb v. Town of Eutaw.]

tion to the proceeding or to any party to it as to justify an inference that he would be subject to an improper bias that might influence his conduct, whatever concern he may possibly have in the result of the proceeding because of a business relation with one of the parties to it is to be regarded as too remote or contingent to constitute a ground of disqualification.—*Ellis v. Smith,* 42 Ala. 349; *Ex parte State Bar Association,* 92 Ala. 113, 8 South. 768; *State ex rel. Smith v. Pitts, Judge, etc.,* 139 Ala. 152, 36 South. 20; *Ex parte Cornwell,* 144 Ala. 497, 39 South. 354; *State v. Call,* 41 Fla. 442, 26 South. 1014, 79 Am. St. Rep. 189; 23 Cyc. 576. We are not of opinion that a presiding judge is shown to be disqualified to preside in a cause by proof of the bare fact that he is a stockholder in a corporation to which one of the parties is indebted. Proof of this fact by itself would not support the conclusion that either such corporation, or the judge who is a stockholder in it, has such a direct and immediate interest in the result of the suit as is contemplated by the provision of the statute as to the competency of a judge (Code, § 4626), or that the latter bears such a relation to the proceeding as to create in him what at common law would be regarded as a disqualifying bias.

What has been said disposes of the only assignment of error which has been insisted on in argument.

Affirmed.