24 So.2d 226

## PHILLIPS v. STATE.

### 6 Div. 263.

Court of Appeals of Alabama.

Dec. 4, 1945.

Rehearing Denied Dec. 18, 1945.

Lipscomb & Lipscomb and W. E. Brobston, all of Bessemer, for appellant.

Wm. N. McQueen, Atty. Gen., and MacDonald Gallion, Asst. Atty. Gen., for the State.

CARR, Judge.

The setting of this appeal is fairly and correctly stated in appellant's able brief:

"This is an appeal under the provisions of Title 15, Section 369, 1940, Code of Alabama, from an Order of the Circuit Court of Jefferson County, Alabama, Bessemer Division, entered on September 17th, 1945, remanding petitioner to the custody of the Sheriff for the execution of sentence.

"The proceeding was instituted by the filing of a petition for writ of habeas corpus directed to the Sheriff, and the copy of the mittimus under which the petitioner was held is attached to the petition. The evidence and Order are set out on page 4, and it appears that the petitioner is a white girl of 18 years of age, and is being held under a commitment signed by S. A. Moore as Special Judge.

"It also appears that S. A. Moore was at the time the judgment was signed an Assistant Deputy Solicitor for the Bessemer Division of Jefferson County, Alabama, and the only question involved in this appeal is whether a judgment entered by an Assistant Deputy Solicitor for the State, purporting to act as Special Judge in the absence of the regular Judge of the Municipal Court of Bessemer under an appointment purported to have been made by authority of Section 12, Local Acts of Alabama, 1927, at page 58, is void on its face."

The statute which enumerates the disqualifications of the judge of any court from sitting in any cause or proceeding is:

"No judge of any court, county commissioner, or justice, must sit in any cause or proceeding in which he is interested, or related to either party within the fourth degree of consanguinity or affinity, or in which he has been of counsel, or in which is called in question the validity of any judgment or judicial proceeding in which he was of counsel, or the validity or construction of any instrument or paper prepared or signed by him as counsel or attorney, without the consent of the parties entered of record, or put in writing, if the court is not of record." Title 13, Sec. 6, Code 1940.

It is fundamental in the law and not otherwise contended on the instant appeal that, for the remedy by habeas corpus to lie, the judgment upon which the petition is based must be void and not merely voidable. Bray v. State, 140 Ala. 172, 37 So. 250; Ex parte Bizzell, 112 Ala. 210, 21 So. 371; Bryant v. State, 15 Ala. App. 641, 74 So. 746.

The question as to whether the judgment is void or voidable must be found in the last analysis to turn upon the disqualification, vel non, of the judge who presided to hear and decide the case. The jurisdiction of the primary court of the subject matter cannot be successfully controverted. Local Acts 1927, pages 54 to 63, inclusive.

It is therefore evident that if we conclude that the judgment of conviction in the Municipal Court of Bessemer was not void we will have determined the controlling question presented by this appeal.

The statute under construction was first written in the Code of 1852, Sec. 560, in the following language:

"No judge of any court, chancellor, county commissioner, or justice, must sit in any cause or proceeding, in which he is interested, or related to either party within the fourth degree of consanguinity or affinity, or in which he has been of counsel, without the consent of the parties entered of record, or put in writing, if the court is not a court of record."

Without substantial change it has appeared subsequently in Codes 1867, Sec. 635; 1876, Sec. 540; 1886, Sec. 647; 1896, Sec. 2637; 1907, Sec. 4626; 1923, Sec. 8570; and the current Code, Title 13, Sec. 6.

In the early case of State ex rel. Claunch v. Castleberry, 23 Ala. 85, Chief Justice Chilton held that the judgment of the court was void, because the judge had been attorney for one of the parties.

In Heydenfeldt v. Towns, 27 Ala. 423, the rule was declared: "If the judge is by statutory inhibition deprived of the authority to act, then the proceedings are void ([State ex rel.] Claunch v. Castleberry, 23 Ala. 85); but when there is no prohibition by law, the proceedings are voidable only, and are valid until avoided."

The opinion in Hine v. Hussey, Adm'r, 45 Ala. 496, confesses the confusion in the authorities and observes:

"In Wilson v. Wilson, 36 Ala. 655, this court held that the probate judge would be incompetent if he was really a surety on the administrator's bond. But this was on appeal. Section 635 has never been construed except in this last mentioned case, and the law is unsettled in this State.

"We think that justice will be best subserved by ruling that the disabilities men-

tioned in the section (635) render the proceedings of the court voidable only, and not absolutely void. These disqualifications may be unknown, or so obscure as to require a judicial decision to determine their existence. It is a serious thing to annul the judgments of courts, and it ought not to be done where the consent of the parties alone is requisite to their validity, and its entry on the record is the only admissible evidence that it was given."

In a subsequent case we find:

In addition to this, Section 635 of the Revised Code should not be construed to render void the judgment of a court because the presiding judge was related to either party, or interested in the cause, or had been of counsel." Hayes et al. v. Collier et al., 47 Ala. 726.

Since the decisions in the early cases of the Supreme Court concerning the instant inquiry have been reconciled, it has been the consistent holding of the appellate courts of this State that a judgment rendered by a judge unauthorized by the above statute to preside is not void. Collins et al. v. Hammock, 59 Ala. 448; Trawick's Heirs v. Trawick's Adm'rs, 67 Ala. 271; Jeffersonian Publishing Co. v. Hilliard, 105 Ala. 576, 17 So. 112; Hutto v. Walker Co., 185 Ala. 505, 64 So. 313, Ann.Cas.1916B, 372; Gulf States Steel Co. v. Christison, 228 Ala. 622, 154 So. 565; De Moville et al. v. Merchants & Farmers Bank of Greene County, 237 Ala. 347, 186 So. 704; Ex parte Dew, 7 Ala. App. 437, 62 So. 261; Bryant v. State, supra.

The record discloses that petitioner appeared before the Assistant Deputy Solicitor after the latter's appointment under the provisions of Sec. 12, Local Acts of Ala. 1927, page 58. Upon a plea of guilty to the charge of vagrancy the judge so acting imposed a fine as punishment.

In view of the conclusions we have reached it is not necessary for us to here decide whether or not the Assistant Deputy Solicitor was disqualified to preside because his official duties sometime carried him into the Municipal Court of Bessemer to prosecute in behalf of the State in criminal cases.

The order of the circuit court in denying the writ is in conformity with what we have said above, and it is therefore, affirmed.

Affirmed.