BRADLEY, Judge.
This is a divorce case.
The wife, Rita Guthery, filed a complaint for divorce on July 3, 1980. The husband, Norman Leon Guthery, filed an answer on August 28, 1980. The case was tried September 8, 1980 and decree divorcing the parties and dividing the property was rendered on September 12, 1980.
A petition for rule nisi was filed by the wife on September 23, 1980. The petition alleged among other things that the husband had harassed the wife, had altered an automobile awarded the wife in the division of property, had refused to give the wife a key to the residence awarded her and had refused to pay court-awarded alimony and child support.
Various other motions were filed by the husband. Petition for rule nisi was heard by the trial court and resulted in a decree of contempt which was rendered on November 5, 1980.
The husband’s motion for new trial which had been filed on October 10, 1980 was denied on December 3, 1980. On December 16, 1980 notice of appeal from the final decree of divorce, the contempt citation and the denial of the motion for new trial was filed.
The record reveals the following facts. The parties had been married approximately nineteen years. The husband owns and operates a body shop which repairs wrecked automobiles. The wife has a tenth grade education, but has obtained a cosmetology manager’s license. She has not worked for several years. She testified her medical condition prevented her from working. The couple had two male children: Rodney, age fourteen and Randy, age seventeen.
The decree divorced the parties on the grounds of incompatibility of temperament. The husband received custody of Randy and the wife received custody of Rodney. Visitation rights were set out in the decree. The husband was to pay $250.00 per month as child support for Rodney.
The wife was given $200.00 per month as periodic alimony for a period of two years or until she dies, remarries, or becomes self-supporting, whichever comes first.
The divorce decree also gave Mrs. Guth-ery the house, a 1978 Trans Am automobile, and the household furnishings. Husband received .his body shop business, all cars except the Trans Am, and his personal property.
Conflicting evidence was presented as to the value of the marital estate. The residence was valued at between $40,000 and $50,000. The husband’s business had various estimates as to its value. The husband contended it was worth only $12,000 while other testimony placed the value at $100,-000. The husband also contended his income was only $1,000 a month, but his accountant testified that husband earned $96,000 a year.
Several contempt proceedings have been brought since the initial decree. Wife claimed that husband altered the Trans Am by placing a wrecked hood on it instead of the hood that was on the car at the time of the initial decree. The hood was valued at $400.00.
On November 5, 1980 the husband was held in contempt by the trial court. He was ordered to pay wife $500 to repair the Trans Am. Wife was ordered to allow husband to obtain possession of some of his personal item§.
The first issue we are asked to consider is whether the trial judge was disqualified from hearing this divorce case due to the fact that he and wife’s attorney are brothers-in-law and own an airplane jointly.
Leave of this court was granted so that husband could file a motion under A.R.C.P. *846 60(b)(6) to have the divorce judgment set aside because of the judge’s disqualification. At the hearing on this motion, the original trial judge testified that he had disclosed his relationship to the wife’s attorney and that the parties orally agreed to allow him to hear the case. As a result, the 60(b) motion was denied, and husband appeals this denial as well as other issues concerning the divorce decree.
It is clear to this court that under Canon 3(C)(1)(d) of the Canons of Judicial Ethics a trial judge is disqualified where it is found that he is related to one of the parties or attorneys within the fourth degree. Clearly in this case, the judge was disqualified to serve because he was related to the attorney within the proscribed degree and owned property jointly with him. The only way this disqualification can be remitted is for the judge to fully disclose his disqualification in the record and for the parties to agree in writing to allow him to hear the case. In the instant case the parties and their attorneys were informed in open court of the disqualification, and the appellant through his attorney agreed for the judge to hear the case. The agreement, however, was not reduced to writing.
Husband contends that since the judge was disqualified, the divorce decree is invalid and void. We cannot agree with this contention.
Our courts have held that a final judgment rendered by a judge who is disqualified to serve is merely voidable and not void. State ex rel. Burns v. Phillips, 250 Ala. 120, 33 So.2d 239 (1947); Phillips v. State, 32 Ala.App. 238, 24 So.2d 226 (1945). Furthermore, once a judgment becomes final, our courts are reluctant to overturn it.
It has been stated numerous times that motions under Rule 60(b) to set aside a judgment are meant for extraordinary circumstances. Textron, Inc. v. Whitfield, 380 So.2d 259 (Ala.1979); Charles Townsend Ford, Inc. v. Edwards, 374 So.2d 900 (Ala.Civ.App.1979). The final decree of divorce was rendered over one year ago. In view of this and the evidence showing that the husband was informed at trial of the judge’s disqualification and assented to his hearing the case, we do not find circumstances which warrant a conclusion that the provisions of Rule 60(b) should be invoked. See Reach v. Reach, 378 So.2d 1115 (Ala.Civ.App.1979), cert. denied, 878 So.2d 1118 (Ala.1980). It should be noted that at the 60(b) hearing the husband in no way disputed knowing of the judge’s disqualification at the time of trial.
From this we cannot find that the husband’s rights were so prejudiced that the one-year-old divorce decree should be invalidated. Even though technically the trial judge erred in not requiring the disqualification to be remitted in writing and incorporated in the record, husband has not shown that he was prejudiced by the method used by the trial judge to remit his disqualification. Rule 45, A.R.A.P. Consequently, we affirm the denial of the 60(b) motion.
All of the rest of the issues raised by husband concern the alimony and property provisions of the divorce decree. The division of property is within the sound discretion of the trial court and will not be reversed absent a palpable abuse of discretion. Furthermore, there is no fixed standard for division of marital property. Kabaci v. Kabaci, 373 So.2d 1144 (Ala.Civ.App.1979).
In this case we can find no error in awarding husband his business and wife the marital home. We also cannot find error in the trial judge’s award of personal property. If the parties cannot agree what constitutes “furnishings” in the decree, then their remedy is to ask the trial court to resolve the problem.
 As to the alimony and child support provisions, those items are also in the sound discretion of the trial court. The court is to consider factors of age, health, station in life, etc. Kabaci v. Kabaci, supra. Clearly, alimony payments which will cease after two years are not an abuse of discretion considering the wife’s inability to work. Neither can we find an abuse of discretion in the award of $250.00 per month and *847 payment of medical and dental bills as child support. Ellison v. Ellison, 386 So.2d 471 (Ala.Civ.App.1980).
The husband also contends that the court erred in finding him in contempt. The record, however, reflects that the husband did change the hood on the automobile and that he harassed the wife. From this we cannot find that the trial judge erred in holding the husband in contempt and in ordering the husband to pay wife $500 to put the motor vehicle in the condition it was in at the time the vehicle was ordered transferred to wife.
Finally, husband contends that it was error to deny him a new trial. The granting or denying of a motion for new trial is within the discretion of the trial court, and its decision is presumed correct. Taylor v. Birmingham News Co., 341 So.2d 689 (Ala.1977). We find no abuse of discretion here.
The wife has requested an award of an attorney’s fee on appeal. This request is granted and the wife is awarded $500.00 as an attorney’s fee.
AFFIRMED.
WRIGHT, P. J., and HOLMES, J., concur.