TYSON, Judge.
Donald Carlson, Jr. was charged with the offense of driving under the influence of alcohol on January 28, 1984, by Uniform Traffic Citation issued by Officer Kenneth Guffey of the Huntsville, Alabama Police Department. Also, Donald Carlson, Jr. was charged, by Uniform Traffic Citation, with driving while his license was revoked. This was issued also on January 28, 1984, again by Officer Guffey of the Huntsville, Alabama Police Department.
At trial in Municipal Court Carlson was found guilty in each case and was sentenced to 180 days in the city jail for the offense of driving under the influence and fined $1,000.00. In the driving while license was revoked charge, he was found guilty and fined $100.00, also in Municipal Court. Both of these cases were then appealed to the Circuit Court of Madison County, Alabama.
On August 10, 1984, Officer D. Daly charged this appellant with driving under the influence by Uniform Traffic Citation issued by Officer Daly of the Huntsville, Alabama Police Department. Also, in this same incident, Officer Daly charged this appellant with the offense of “attempting to elude a police officer” by Uniform Traffic Citation issued on August 10, 1984. These two cases were heard in Municipal Court and on the driving under the influence charge, the appellant was fined $2,000 and sentenced to 180 days in jail, found guilty of attempting to elude a police officer and fined $500 in that case. These two cases were also appealed to the Circuit Court of Madison County, Alabama, where appellant’s present counsel was appointed and entered not guilty pleas for the appellant in each of the four cases. (R. 1-4). The four cases were then consolidated for trial before the Honorable John David Snodgrass, Circuit Judge, who heard same without the intervention of a jury.
At trial the City of Huntsville presented the testimony of the arresting officers in each case and the appellant was found guilty as charged in each of the four cases. Thereafter a sentencing hearing was conducted and in case number CC-84-282FS, being the first DUI case, the appellant was sentenced to six months’ in the Madison County Jail and fined $1500 and court costs. In case number CC-84-288FS, being the driving while license was revoked charge, the appellant was sentenced to 30 days in the Madison County Jail and ordered to pay court costs. These two sentences were to run consecutively.
In case number CC-84-1041FS, being the second driving under the influence charge, the circuit court sentenced the appellant to nine months in jail and ordered the appellant to pay a fine of $2,500 and court costs.
In case number CC-84-1042FS, being the charge of attempting to elude a police officer, the appellant was sentenced to 90 days in jail and ordered to pay court costs. This charge, as well as the DUI charge, were ordered to be served consecutively with the sentences imposed in the first two cases. The appellant gave notice of appeal and appeal bond was set in each of the four cases.
*909 In the first two cases arising from the incident of January 28, 1984, Huntsville Officer Kenneth Guffey testified that about 2:30 in the morning he observed the appellant headed east on Governors Drive at a high rate of speed in the City of Huntsville. He followed the appellant for some distance and saw him “weaving heavily, crossing over the center line and turn into the left lane at 60 miles per hour”. (R. 6). Guffey followed him and several times attempted to make appellant stop. He stated that he traveled over 500 feet after he had applied his siren and emergency equipment with a blue light. Appellant was driving a 1973, red Ford Nova. There was a black female seated on the passenger side next to him. After stopping the appellant and asking for identification, he received a work card with appellant’s name and date of birth. After running a check through the records division, he found that the appellant had a revoked driver’s license. He asked the appellant to step outside the automobile. He stated that the appellant’s eyes were bloodshot, that he was sloppily dressed and his clothes rumpled. He stated that the appellant’s speech was slurred. He noted the odor of intoxicating beverages on appellant’s breath. He then asked the appellant to perform certain field sobriety tests. He stated that the appellant staggered when he attempted to walk a straight line, as he attempted to touch his nose he touched his forehead and that he could not walk without staggering. He then placed the appellant under arrest and took him to city hall. The appellant was given his Miranda rights and refused to take a GCI or breath test. Officer Guffey stated that, in his opinion, the appellant was intoxicated.
As to this case, the appellant presented no evidence at trial.
As to the two charges which arose from the incident on August 10,1984, the City of Huntsville presented the testimony of police officer Robert Keith Lasater. Officer Lasater stated he was working as a security officer off duty at the Burger King at University and Parkway about 11:00 o’clock on the evening of August 10, 1984. He observed two Huntsville police cars giving chase to a motorcycle. He stated that as the two officers pursued this vehicle, he observed it turn on University Drive going down the wrong lane. He saw the motorcycle jump the curb and start coming into the Burger King parking lot and attempt to stop. The officer then ran up, grabbed the appellant and pulled him off the motorcycle. He stated that he pinned appellant’s arms behind his head and that Huntsville officers Daly and Brantly, together, assisted him in subduing this appellant. He stated the appellant’s speech was slurred and that he detected the odor of alcohol on his breath. He stated that after they put handcuffs on him the appellant staggered and could not walk a straight line and that, in his opinion, appellant was intoxicated and that he was yelling for the officers to leave him alone. He stated that later that evening he went to city hall and that the appellant had refused to take a breathalyzer test. As to this charge, the appellant did not offer any testimony at trial. The appellant was then adjudged guilty as charged in all four cases by the circuit court.
I
In brief counsel calls attention to Rule 15.3, Alabama Temporary Rules of Criminal Procedure which reads as follows:
“(a) Joinder. Two or more offenses may be joined in an indictment, information, or complaint, if they:
“(i) are of the same or similar character; or
“(ii) are based on the same conduct or otherwise connected in their commission; or
“(iii) are alleged to have been part of a common scheme or plan.
“Offenses shall not be joined in the same count of an indictment or information. Felonies and misdemeanors may be joined in separate counts of the same indictment or information.
“(b) Consolidation. If a defendant has been charged in separate indictments, in- *910 formations or complaints, the court, on its own initiative or on motion of either party, may, not later than seven days prior to trial, order that the charges be tried together if the offenses could have been joined in a single indictment, information, or complaint. Proceedings thereafter shall be the same as if the prosecution initially had been under a single indictment, information, or complaint. However, the court shall not order that the offenses be tried together without first providing the defendant and the prosecutor an opportunity to be heard.”
Counsel argues that he did not have an opportunity to object to the consolidation of the four cases at trial pointing out that the events in question occurred on two different dates more than seven months apart. This court is mindful of the two very recent opinions of the Supreme Court of Alabama dealing with the subject of consolidation of parties, the first being entitled Jones and Bryant v. State, Alabama Supreme Court No. 83-757 and 83-758, May 10, 1985, 473 So.2d 545 and with reference to joinder of offenses in Glanton v. State, Alabama Supreme Court No. 84-211, May 10, 1985 474 So.2d 156.
This court has carefully examined the record in this cause and finds that contrary to counsel’s argument, nowhere does there appear in the record an objection to the consolidation and counsel was given this opportunity at the beginning of the proceedings when he entered the pleas on behalf of the appellant. (R. 1-4). Moreover, the record in this cause was subsequently supplemented to show the sentencing of this appellant and a supplemental record filed in this court. Nowhere in these proceedings does there appear any objection to the consolidation of the four charges against this appellant.
This court is of the opinion that this argument is answered by the opinion of the Supreme Court of Alabama in Edwards v. State, 287 Ala. 588, 253 So.2d 513 (1971) as follows:
“The rule is that argument in brief reciting matters not disclosed by the record
cannot be considered on appeal, Christian v. Reed, 265 Ala. 533, 92 So.2d 881; and the record cannot be impeached on appeal by statements in brief by affidavits, or by other evidence not appearing in the record. Coleman v. Estes, 281 Ala. 234, 201 So.2d 391; Liberty National Life Ins. Co. v. Patterson, 278 Ala. 43, 175 So.2d 737; Evans v. Avery, 272 Ala. 230, 130 So.2d 373. See also Phillips v. State, 32 Ala.App. 238, 24 So.2d 226; Clark v. State, 280 Ala. 493, 195 So.2d 786; Argo v. State, 282 Ala. 509, 213 So.2d 244.”
In light of the fact that this matter was not raised in the trial court and is here argued for the first time on appeal, we cannot consider this matter.
II
As to the two charges made against this appellant for the incidents which occurred on August 10, 1984, wherein the appellant was charged with driving under the influence while riding a motorcycle, and secondly, attempting to elude a police officer, we note that the Uniform Traffic Citations in each of these cases were not sworn to by the officer before a magistrate as required by law.
The Alabama Supreme Court in Ex Parte Dison, 469 So.2d 662, 1984, pointed out that where, as here, such occurs:
. [W]hen the initial affidavit in a misdemeanor ease is not merely irregular, but void, it will not support the filing of a sufficient information or complaint by the district attorney for a trial de novo in circuit court.

“... [T]he circuit court did not have jurisdiction in petitioner’s trial de novo because the district court judgment was void as being based upon an unverified complaint. Hence, petitioner’s conviction in circuit court was itself void.”
Because of the error herein shown as to the two convictions arising from the incident of August 10, 1984, these two judgments are hereby reversed and remanded *911 on authority of Ex Parte Dison, Alabama Supreme Court 1984, 469 So.2d 662. Also Graves v. City of Athens, 472 So.2d 720 (Ala.Crim.App.1985).
As to the judgments of conviction in Madison County cases numbers CC-84282FS and CC-84-288FS, being the DUI conviction and sentence of six months in the county jail, fine of $1500 and court costs and the second charge being the case involving the driving while the license was revoked or suspended, these two judgments are hereby affirmed in all respects.
As to the judgments of conviction in Madison County cases numbers CC-841041FS and CC-84-1042FS, these two cases arising from the incident of August 10, 1984, these two judgments are hereby reversed and remanded on authority of Di-son, supra, as aforesaid.
AFFIRMED IN PART, REVERSED AND REMANDED IN PART.
All the Judges concur.