BOWEN, Presiding Judge.
Edward Ireland was convicted of “driving while intoxicated” in the Municipal Court of Birmingham, Jefferson County, on September 4, 1984. Ireland appealed his conviction to the Circuit Court of Jefferson County and demanded a jury trial. On trial de novo in the circuit court, Ireland was found guilty of unlawfully having “actual physical control of a vehicle while under the influence of alcohol,” in violation of “Section 10-8-1 of the General Code of the City of Birmingham, Alabama, 1980, or as amended by Ordinance No. 83-146.” Ireland was sentenced to 60 days in jail and fined $1000.
The record on appeal affirmatively shows that the uniform traffic ticket was not sworn to or verified by the issuing police officer.
In Ex parte Dison, 469 So.2d 662 (Ala.1984), the Alabama Supreme Court held that an appeal from a conviction of a misdemeanor in district court upon an un-sworn DUI ticket and complaint does not give the circuit court in a trial de novo subject matter jurisdiction and, therefore, a subsequent judgment of conviction in the circuit court is void.
Since Dison, we have twice decided that the same result obtains where the defendant suffers his original conviction in the municipal court upon an unsworn traffic citation. Graves v. City of Athens, 472 So.2d 720 (Ala.Cr.App.1985); Carlson v. City of Huntsville, 475 So.2d 907 (Ala.Cr.App.1985).
Therefore, the judgment of the circuit court is reversed and the cause remanded.
REVERSED AND REMANDED.
All Judges concur.